JOHN A. PARKER *vs.* S. G. SHAGHALIAN AND COMPANY, INC.

Bristol.    October 23, 1922. — February 26, 1923.

Present: RUGG, C.J., BRALEY, PIERCE, & CARROLL, JJ.

*Sale,* Warranty. *Damages,* For breach of contract. *Witness,* Expert. *Evidence,* Opinion: expert.

At the trial of an action of contract brought by a wholesale dealer in candy against a candy manufacturer for breach of a warranty of merchantability in the sale of a certain candy called "peach buds," it appeared that the candy was sold by sample and was shipped in December, was received three days later, and was paid for five days after receipt. There was evidence tending to show that the plaintiff delivered the candy to his retail customers in the usual way, that, upon its being displayed by them according to the custom of the trade, it became sticky, ran together and was wholly unsalable within a very few days, in consequence of which the plaintiff was obliged to take it all back from his customers, and that notification of the facts was sent by the plaintiff shortly thereafter. *Held,* that

(1) Under G. L. c. 106, § 18, cl. c, there was an implied warranty that the goods should be free from any defect, rendering them unmerchantable, which would not be apparent on reasonable examination of the sample;

(2) It might have been inferred from all the evidence that the tendency to become sticky would not be observed upon a reasonable examination of the sample of such goods as were the subject of this transaction, nor on inspection of the goods themselves as and when they were delivered to the plaintiff;

(3) It might have been inferred that by implication there was made known to the defendant as a manufacturer and seller that the particular purpose of the purchase was resale to retail candy merchants, in which case G. L. c. 106, § 17, cl. 1, was applicable;

(4) An instruction in substance that there was an implied warranty that the candy was of a quality and fitness suitable for resale and distribution among retail dealers and would remain merchantable under the usual conditions attending proper exposure for retail sale for a length of time reasonable for candy of that nature, was proper;

(5) The evidence warranted a finding that there were innate defects in the goods and that their subsequent condition was not due to the usual risks incident to sound merchandise of the quality which was the subject of sale, and upon such a finding, a verdict for the plaintiff was warranted;

(6) The plaintiff was not bound to point out the specific defect in the candy; it was enough to show its unfitness for resale;

(7) The provisions of G. L. c. 106, § 17, cl. 4, had no pertinency to the facts here disclosed;

(8) All the candy having been resold by the plaintiff and returned, his lost profits were not speculative, and they were recoverable;

(9) The plaintiff's expenses rightly incurred in connection with the transaction were proper for consideration in assessing his damages;

(10) The qualifications of an expert witness, called by the plaintiff to testify as to the color and composition of the candy, were to be determined by the trial judge in the exercise of sound judicial discretion, which did not appear to have been abused.

CONTRACT for breach of warranty of merchantability of certain candy called "peach buds," sold by the defendant to the plaintiff. Writ dated August 12, 1919.

In the Superior Court, the action was tried before *Bishop,* J. Material evidence, requests for rulings, and instructions by the judge are described in the opinion. A motion by the defendant that a verdict be ordered in its favor was denied. There was a verdict for the plaintiff in the sum of $375.72; and the defendant alleged exceptions.

*J. E. Lajoie,* for the defendant.

*J. A. Kerns,* for the plaintiff.

RUGG, C.J. This is an action for breach of contract concerning the sale by sample of a quantity of candy known as "peach buds" brought by a wholesale dealer against the manufacturer. The candy was shipped on December 3, received on December 6, and paid for on December 11, 1918. There was evidence tending to show that on receipt there was nothing about the candy to indicate that it did not correspond to sample and was not merchantable; that it was sold and delivered by the plaintiff to his retail customers in the usual way, and upon being displayed by them for sale according to the custom of the trade became sticky, ran together, and was wholly unsalable within a very few days, in consequence of which the plaintiff was obliged to take it all back from his customers, and that notification of these facts was sent to the defendant on January 6, 1919.

The sale, having been by the manufacturer by sample, was governed by that part of the sales act which provides that "there is an implied warranty that the goods shall be free from any defect, rendering them unmerchantable, which would not be apparent on reasonable examination of the sample." G. L. c. 106, § 18, cl. c.

It might have been inferred from all the evidence that the tendency to become sticky would not be observed upon a reasonable examination of the sample of such goods as were the subject of this transaction, nor observed on inspection of the goods themselves as and when they were delivered to the plaintiff.

It fairly might have been inferred from the fact that the purchaser was a wholesale dealer in candy, and from the size of the transaction, that by implication there was made known to the defendant as manufacturer and seller that the particular purpose of the purchase was resale to retail candy merchants. The circumstance that the plaintiff made the purchase directly from the manufacturer without previous inspection afforded ground for the inference that he relied upon its skill in the making of the candy. *James Drummond & Sons* v. *E. H. Van Ingen & Co.* 12 App. Cas. 284. *Preist* v. *Last,* [1903] 2 K. B. 148. Williston on Sales, § 248, and cases cited. Therefore the provision of the sales act was applicable, to the effect that there is an implied warranty of fitness for that purpose "Where the buyer, expressly or by implication, makes known to the seller the particular purpose for which the goods are required, and it appears that the buyer relies on the seller's skill or judgment." G. L. c. 106, § 17, cl. 1. It follows that there was no error in the instruction in substance that there was an implied warranty that the candy was of a quality and fitness suitable for resale and distribution among retail dealers and would remain merchantable under the usual conditions attending proper exposure for retail sale for a reasonable length of time for candy of that nature. This was no more than an amplified statement that the plaintiff, having bought "peach buds" candy, was entitled to receive goods that fairly could be put upon the market and sold as such candy both as to quality and time. Having bought candy, the plaintiff was entitled to receive an article which answered that description and could be put upon the market in the ordinary course of trade for valuable use as that kind of merchandise. *Leavitt* v. *Fiberloid Co.* 196 Mass. 440, 451, and cases there cited. *West End Manuf. Co.* v. *P. R. Warren Co.* 198 Mass. 320, 325. *Ward* v. *Great Atlantic & Pacific Tea Co.* 231 Mass. 90, 92. *Geddling* v. *Marsh,* [1920] 1 K. B. 668. *Manchester Liners, Ltd.* v. *Rea, Ltd.* [1922] 2 A. C. 74. *Wallis, Son & Wells* v. *Pratt,* [1911] A. C. 394. *Stevens Tank & Tower Co.* v. *Berlin Mills Co.* 112 Maine, 336. *Ely* v. *Wichita Natural Gas Co.* 99 Kans. 236. *Cullen* v. *Bimm,* 37 Ohio St. 236, 239. Williston on Sales, § 243.

The title to the candy passed to the plaintiff. Depreciation, deterioration and loss rested on him. *Hecht* v. *Boston Wharf Co.* 220 Mass. 397. *Levy* v. *Radkay,* 233 Mass. 29. But the evidence

warranted a finding that there were innate defects in the goods and that their subsequent condition was not due to the usual risks incident to sound merchandise of the quality which was the subject of sale.

The plaintiff was not bound to point out the specific defect in the candy. It was enough to show its unfitness for the purpose for which it was bought, that is to say, that it was in fact unmerchantable.

There was no error in denying the request for ruling that there was no implied warranty or condition as to the quality or fitness of the goods for any particular purpose because the sale was of a specific article under a trade name. That request ignored the whole question as to merchantability of the goods according to such trade name. There was evidence to support the finding that the goods delivered were not the merchantable article known by the trade name. Therefore the provisions of G. L. c. 106, § 17, cl. 4, had no pertinency to the facts here disclosed.

It could not have been ruled as matter of law that the plaintiff could not recover. There were questions of fact on all the evidence to be decided by the jury. *M & M Co. Inc.* v. *Hood Rubber Co.* 226 Mass. 181.

There was no error in the instructions as to damages. The profits lost by the plaintiff were recoverable. There was no speculation about those profits because all the candy was actually sold by the plaintiff. *Randall* v. *Peerless Motor Car Co.* 212 Mass. 352, 380. *Neal* v. *Jefferson,* 212 Mass. 517. The expenses rightly incurred by the plaintiff in connection with the transaction were proper for consideration.

There was no error in permitting the witness to testify as to the color and composition of the candy. His qualifications in this particular were to be determined by the trial judge in the exercise of sound judicial discretion, which does not appear to have been abused. *Jordan* v. *Adams Gas Light Co.* 231 Mass. 186, 189. *Johnson* v. *Lowell,* 240 Mass. 546, 549.

It follows from what has been said that the requests for instructions, so far as not given in substance in the charge, were denied rightly. They need not be discussed in further detail. There is no reversible error.

*Exceptions overruled.*