GEORGE W. MORRISON *vs.* F. A. DUTTON MOTOR COMPANY.

Middlesex.    January 20, 1925. — February 26, 1925.

Present: RUGG, C.J., BRALEY, CROSBY, CARROLL, & WAIT, JJ.

*Agency*, Commission, Exclusive. *Contract*, Construction, Performance and breach.

A dealer made with a distributor of an automobile of a certain make a contract in writing whereby the dealer was given an exclusive agency within a designated territory, and it was agreed that the "distributor, during the continuance of this contract, shall not, within said territory, sell any new automobiles to any other person than said dealer," with exceptions not material.   At the trial of an action by the dealer against the distributor for breach of the quoted provision, there was evidence tending to show that, at an exhibition in a city outside the territory designated in the contract, the defendant sold one of the automobiles to a man whose sister was a resident within the territory and that the sister in fact was the purchaser, the purchase price being paid in part with her cash and in part with an old automobile of hers.   According to a trade custom, if an automobile was sold at the exhibition in question, credit was given to the agent for the territory in which the real purchaser resided.   There was no evidence that the defendant knew that the sister furnished the money for the purchase.   The defendant excepted to a refusal to order a verdict in his favor.   There was a verdict for the plaintiff.   *Held*, that
   (1) A finding was warranted that the sister was an undisclosed principal and bound by the contract of sale with its benefits and burdens and was in fact the purchaser;
   (2) The sale to the sister was a violation of the defendant's contract;
   (3) The facts, that the defendant acted in good faith and did not know that the brother was agent for the sister, were not material;
   (4) The verdict was warranted.

CONTRACT for alleged breach of a contract in writing between the plaintiff as a "dealer" and the defendant as a "distributor" relating to an agency for the sale of "Auburn" automobiles.    Writ dated July 17, 1922.

The provision of the contract, which the plaintiff contended the defendant had broken, read as follows: "5. The distributor, during the continuance of this contract, shall not, within said territory, sell any new automobiles to any other person than said dealer," with exceptions not material.

In the Superior Court, there was a trial before *Cox*, J. Material evidence is described in the opinion. At the close of the evidence, the defendant moved for a verdict in its favor. The motion was denied. There was a verdict for the plaintiff in the sum of $328.09. The judge reported the action to this court with the stipulation, "If the case was properly submitted to the jury, the verdict is to stand, otherwise judgment is to be entered for the defendant."

*J. J. Higgins*, for the defendant.

*R. J. Lavelle*, for the plaintiff.

CARROLL, J. A contract in writing between the plaintiff and the defendant, dated February 25, 1919, to terminate in August, 1919, gave to the plaintiff the exclusive agency of the sale of "Auburn" automobiles in the city of Lowell and vicinity, not including the city of Revere. There was evidence that the defendant sold to J. L. Deno, of Revere, an automobile, at the Boston automobile show in Boston, March, 1919; that Deno was a brother of Mrs. Agnes Lanoue of Lowell; that she was in fact the purchaser; that an old automobile belonging to her was given in part payment and the balance of the purchase price was paid with her money. It was agreed that, according to a trade custom, if an automobile was sold at the Boston automobile show, credit was given to the agent for the territory in which the real purchaser resided. There was no evidence that the defendant knew that Mrs. Lanoue furnished the money to buy the automobile. The action is in contract. The jury found for the plaintiff; and the case was reported to this court.

If the jury found that the motor car was sold to Mrs. Lanoue and that Deno was her agent in making the bargain with the defendant, she was an undisclosed principal and bound by the contract with its benefits and burdens, and was in fact the purchaser. See *Byington* v. *Simpson*, 134 Mass. 169. Mrs. Lanoue resided in Lowell.

The defendant, during the continuance of the contract, agreed not to "sell any new automobiles to any other person than" the plaintiff, "within said territory." A sale to a resident of Lowell by the defendant, therefore, was a violation of the plaintiff's rights under the contract, and entitled him

to recover. *Garfield* v. *Peerless Motor Car Co.* 189 Mass. 395, 403. *Wier* v. *American Locomotive Co.* 215 Mass. 303, 309, 310. *Randall* v. *Peerless Motor Car Co.* 212 Mass. 352, 378.

The fact that the defendant acted in good faith, and did not know that Deno was the agent of his sister, is not important. If the defendant made the sale, and Mrs. Lanoue was the principal, although undisclosed, and was in fact the purchaser, the plaintiff made out his case and could recover.

The case was properly submitted to the jury and the verdict is to stand.

*So ordered.*