PATRICK J. WALL *vs.* BRITTON STEVENS MOTORS COMPANY.

Suffolk.    November 19, 1924. — February 28, 1925.

Present: RUGG, C.J., BRALEY, PIERCE, CARROLL, & WAIT, JJ.

*Contract*, Construction, Performance and breach.

A contract in writing of sale of a motor truck contained a provision which expressly stated that "no modifications of this agreement shall be binding upon either party unless . . . in writing . . . accepted and agreed to by the Purchaser," and approved by an executive officer of the company. It also contained as its only guaranty one whereby the corporation guaranteed "all parts . . . against defective material and workmanship for a period of ninety days from date of delivery to the extent that they will furnish free of charge, f. o. b. factory, new parts in exchange for defective parts, provided said defective parts are returned to the factory charges prepaid." In the declaration in an action by the purchaser against the seller, it was alleged that the defendant warranted that the truck and equipment would be adequate for the plaintiff's purposes, was in proper running order and condition, and was equipped to meet the plaintiff's requirements in the conduct of his business; and that the truck which was delivered to the plaintiff by the defendant was inadequate, to the damage of the plaintiff. At the trial it appeared that before delivery of the truck the defendant took out the motor which had come with it from the factory and installed a second hand and defective motor, which had to be repeatedly repaired by the plaintiff, and that after several repairs the plaintiff, without returning the truck to the defendant's factory, sold it and sought to recover his resultant damages. *Held*, that there was no express warranty such as the plaintiff relied on; also that he had not fulfilled the terms of the "guarantee," and that he could not recover in this action.

Contract or tort, the plaintiff alleging that he "entered into an agreement with the defendant company to purchase a certain automobile truck for use in his business, the requirements of which were well known to the defendant and were fully explained to the defendant at the time when the said truck was purchased; and [that] the defendant warranted that said truck and equipment would be adequate for the plaintiff's purposes and was in proper running order and condition and so equipped as to meet the plaintiff's requirements in the conduct of his business. . . . that the defendant delivered to him a truck equipped with a motor and engine so inadequate and defective that plaintiff has been put to great trouble and expense in repairing the same and has further lost the use of said truck during the time it has been laid up for repairs." The writ bears the date July 27, 1901.

In the Superior Court, the action was tried before *Lawton*, J. Material evidence is described in the opinion. At the close of the evidence, the defendant moved for a verdict on the grounds that upon all the evidence the plaintiff could not recover and that there was no evidence of any warranty on the part of the defendant which had not been "completely filled." The motion was denied. The defendant then asked for the following rulings:

"1. An agreement entered into in writing between parties and subscribed to by both merged all antecedent negotiations and stipulations and must be taken to be the complete expression of their entire bargain with each other by which alone their rights and liabilities are to be determined.

"2. The most favorable construction that can be placed upon the contract between the plaintiff and the defendant is that the defendant was bound to furnish all parts which were defective either in material or workmanship if a claim for such parts was made within three months after the signing of the contract."

The rulings were refused. There was a verdict for the plaintiff in the sum of $1,500. The defendant alleged exceptions.

*J. H. Blanchard*, for the defendant.

*F. M. Carroll*, for the plaintiff.

BRALEY, J.   The declaration alleges, that the defendant sold and delivered to the plaintiff a truck equipped with a motor and engine so inadequate and defective that he has suffered great trouble and expense in making repairs and lost the use of the truck during the time it has been laid up for repairs. The jury on the evidence of the plaintiff and his witnesses would have been warranted in finding, that on May 7, 1921, he entered into a contract in writing for the purchase of a new "Five Ton Maccar Truck," which was delivered May 18, 1921, and used in his business as a mover of "bales of cotton and wool." But after using it, he told the defendant's president "that the truck was not running good, that it was blowing out gaskets and causing . . . trouble every time he took it out." The reply was "that every truck was the same way until they were worked out." It could be found that the motor which was in the truck when it came from the factory had been taken out and a second hand motor installed previous to the sale. The plaintiff sent the truck to the defendant to be repaired, and it appeared on examination that the valves of the motor had been used before the sale, and that a crack running between intake valves raised the block so that the heads would not come down firmly on the gaskets, which caused them to blow out, reducing the motor to one half of its working power. A new block was put in and the valves reground, but after repeated efforts to remedy these defects the plaintiff sold the truck and brought this action in contract for damages.

The rights of the parties depend upon the written contract which expressly abrogates all previous negotiations, and states that "no modifications of this agreement shall be binding upon either party unless . . . in writing . . . accepted and agreed to by the Purchaser," and approved by an executive officer of the company. *Will M. Kinnard Co.* v. *Cutter Tower Co.* 159 Mass. 391. The material provision, however, is the "guarantee," whereby the company guarantees all parts of trucks against defective material and workmanship for a period of ninety days from date of delivery "to the extent that they will furnish free of charge, f.o.b. factory, new

parts in exchange for defective parts provided said defective parts are returned to the factory charges prepaid. This guarantee does not apply to tires, electrical equipment or other accessories not manufactured by the company, nor to damages nor breakages resulting from wear or tear, accidents or misuse."

The plaintiff bases his right to recover solely on the ground, that the "guarantee" constitutes an express warranty. But there is no affirmation nor representation of the quality of the materials or condition of the truck; nor did the defendant promise that it could be satisfactorily operated. If the language implies that parts of the truck when it was used might show defects, the defendant undertook only to furnish free of charge new parts in exchange for defective parts when returned to the factory, charges prepaid, within ninety days from the date of delivery. *Henshaw* v. *Robins*, 9 Met. 83, 88. *Glackin* v. *Bennett*, 226 Mass. 316. *Ireland* v. *Louis K. Liggett Co.* 243 Mass. 243, 246. G. L. c. 106, § 14. The case of *American Locomotive Co.* v. *National Wholesale Grocery Co. Inc.* 226 Mass. 314, on which the plaintiff relies, was an action against the buyer for repairs made by the seller to a motor truck purchased under a contract materially different.

The motion for a directed verdict should have been granted, and the exceptions must be sustained.

*So ordered.*