RAYMOND SYNDICATE, INC. vs. AMERICAN RADIO AND
RESEARCH CORPORATION.

Suffolk.    December 5, 1927.— March 22, 1928.

Present: RUGG, C.J., BRALEY, CROSBY, CARROLL, & SANDERSON, JJ.

*Evidence,* Competency; Relevancy and materiality; Admission: by agent;
Admission de bene.    *Agency,* Existence of relation, Scope of authority.
*Sale,* Warranty, Of goods by trade name, Rescission.    *Practice, Civil,*
Conduct of trial: evidence admitted de bene, requests, rulings and in-
structions; Exceptions; Election between counts; Ordering verdict.
. *Election.    Pleading, Civil,* Declaration.

The question of the admissibility of evidence admitted at a trial *de bene*
is not presented to this court by a record of exceptions saved by a party
objecting to its admission which does not show that such party moved
that the evidence be struck out.

Although, at the trial of an action of contract against a corporation, the
maintenance of which depended upon proof that the defendant made
with the plaintiff a contract of sale of goods, it appeared that an order
in writing for the goods was addressed by the plaintiff to another corpo-
ration, the invoice was sent in the second corporation's name, bills were.
sent to the plaintiff by it and in its name, and checks sent in payment
by the plaintiff were made payable to it, if there also was evidence that
a sales manager of the defendant conducted negotiations for the sale
and agreed upon the price, the goods were shipped directly from the
defendant's factory to the plaintiff, and testimony was admitted to
explain the reason why the defendant desired the transaction put
through in the name of the second corporation, the questions, whether
the second corporation was acting as the agent of the defendant and
made the contract of sale for it, were questions of fact for the jury.

A guaranty by the manufacturer and vendor of radio sets, sold under the
trade name "Amrad," which was "full satisfaction or money refunded,"
is an express warranty, a breach of which is actionable.

With an order for a number of the sets above described, the vendor de-
livered to the vendee a number of circulars containing the guaranty.
In an action by the vendee against the vendor for breach of the war-
ranty expressed in the guaranty, one of the circulars was shown to the
jury by the defendant, and afterwards was offered in evidence by the
plaintiff.    *Held,* that

(1) The circular was competent by reason of its previously having
been shown to the jury by the defendant;

(2) The circular was admissible as evidence proving the guaranty.

In an action of contract, it appeared that radio sets were sold by the de-
fendant, manufacturer and vendor, to the plaintiff, a dealer, as "Amrad
radio sets 3500-U and 3500-2," with certain radio frequency and one

stage of detector and two stages of volume. There was evidence that the defendant knew the plaintiff was buying the goods for resale and that the plaintiff relied on the skill of the defendant as the manufacturer of these sets, and that most of the sets were not, properly speaking, commercial radio sets merchantable as such by an honest merchant. Two of the sets were demonstrated to the jury. *Held*, that

(1) There was an implied condition of merchantability of the goods according to such trade name;

(2) It was proper for the judge to refuse to rule in effect that the fact that the defendant knew the plaintiff was a retail merchant buying goods for resale was not evidence of a warranty that they were fit for resale by the plaintiff;

(3) A request by the defendant for a ruling, that, if the plaintiff bought and received goods having a trade name, there was no implied warranty that the goods were fit for any particular purpose, properly was refused: the request overlooked the issue of an implied warranty of merchantability;

(4) The question, whether the sets were merchantable as radio sets, was for the jury.

If a vendee undertakes to rescind a contract of sale, he must first return the property sold, or do everything in his power requisite to a complete restoration of the property to the vendor, and, without this, he cannot recover in an action based on such rescission.

At the trial of an action seeking rescission of a contract by the plaintiff, a dealer, to purchase from the defendant, a manufacturer, three hundred fifteen radio sets and a number of variometers, there was evidence that the plaintiff had insisted that he would not take any radio sets unless he got the variometers at a special price named in the order; that after delivery of the goods ordered, the radio sets were discovered not to be merchantable; that the plaintiff then returned two hundred thirty-eight radio sets to the defendant, retained eight, sold parts of others, and did not return still others which customers had returned to him after he had sought to rescind the contract; that he did not return any variometers; that, upon receipt of the two hundred thirty-eight returned sets, the defendant disavowed any contract with the plaintiff, asserted that the goods had been sold to another person who had sold them to the plaintiff, and that they were what was expected to be sold to that person. An agreement then was made that the merchandise would be stored by the defendant in a separate lot without prejudice to the rights of either party. *Held*, that

(1) The evidence did not justify a finding that the plaintiff had done all that it reasonably could have done to restore the defendant to the position it was in before the sale was made;

(2) The plaintiff was not entitled to rescind.

The declaration in an action of contract by the vendee of radio sets against the vendor contained three counts, two based on an alleged rescission by the plaintiff of the contract of sale by reason of breach of warranty, and the third, in the alternative, for damages due to the breach of warranty. At the close of the evidence, the defendant moved that the plaintiff be required to elect whether he would proceed upon the first and second counts, or on the third count. The motion was denied.

The jury were permitted to return two verdicts, one based on the first and second counts and the other, in the alternative, based upon the third count. *Held*, that it could not be said as a matter of law that the motion of the defendant improperly was denied and that he was harmed by its denial.

At the trial of the action above described, the defendant contended and introduced evidence that there was no breach of warranty; and at the close of the evidence filed a motion that a verdict be ordered in his favor and also a motion that a verdict be ordered for the plaintiff on the third count in the sum of $1. Both motions were denied. No request for ruling was made raising the issue of the adequacy of the evidence to support a verdict for substantial damages. *Held*, that

(1) The question, whether the evidence justified a finding for substantial damages, was not properly raised by any motion which the judge was bound to act upon since the defendant did not admit liability, and such question was not before this court upon the record;

(2) There was no error in the denial of both motions.

At the trial of the action above described, a witness was permitted to testify that, while at the defendant's factory on business with the defendant, he had a conversation with two radio engineers who represented themselves to be employees of the defendant and who took him into a testing room and tested certain sets with him. The testimony as to the conversation was admitted in evidence subject to an exception by the defendant, and related to sets which had been returned by the plaintiff and were pointed out to the witness by the engineers; it was not materially different from testimony given by another witness called by the plaintiff, and was more favorable to the defendant than other parts of the plaintiff's evidence. *Held*, that

(1) The jury could have found that the engineers were the men on the defendant's premises designated to give information to any business caller concerning the materials they had in stock, and that from the facts disclosed there was an inherent probability that the engineers in making the statements were acting as agents of the defendant and within the scope of their authority;

(2) Even if the engineers were not shown to be authorized to speak for the defendant, so that the evidence was inadmissible as an admission by the defendant, nevertheless the admission of their statements could not be said to be prejudicial error.

At the trial of the action above described, the representative of the plaintiff who conducted negotiations as to the sale in his behalf testified to the value of sets, assuming that they were as described in a report of an expert employed by the plaintiff, who had examined two hundred forty-six of the three hundred fifteen sets. The defendant excepted to this evidence on the ground that the report on which it was based was not in evidence. Later, the expert testified in detail as to his examination. Counsel for the plaintiff then offered the report the expert had made to the plaintiff, and the defendant objected. Plaintiff's counsel then stated in substance that the facts had been testified to by the witness and that the report contained nothing different from his testimony, and that this state of the investigation was made known to the plaintiff and was the basis of rescission. The judge stated to counsel for the

plaintiff, "you have already stated that he sent that report to them and that it contained all the things, the substance, that he has here set out; so we have got it," and the plaintiff's counsel then said that was all he cared for.  This all took place in the presence of the jury.  *Held,* that the defendant was not harmed by the admission of the testimony of the plaintiff's representative based on the substance of the report.

No exception lies to the exclusion of a question asked of a witness at a trial, where it does not appear what answer was expected.

The exclusion at a trial of evidence of experiments is largely in the discretion of the trial judge.

After a witness, called to contradict a statement made by a previous witness in cross-examination, had testified to a statement by the previous witness in a conversation which was in conflict with that witness's testimony, it was not reversible error to exclude further portions of the conversation adding nothing material to the previous testimony.

A motion by a defendant to strike out portions of the plaintiff's declaration was *held* properly to have been denied, since it did not appear that the allegations were in violation of G. L. c. 231, § 7, cl. 2; and it did appear that the declaration set forth concisely and with substantial certainty the substantive facts necessary to constitute a cause of action.

CONTRACT, with a declaration in three counts, described in the opinion.  Writ dated June 28, 1924.

In the Superior Court, the action came on to be tried before *Lawton,* J.  Before testimony was taken, the defendant moved to strike out the following portions of the declaration:

"(1)  The portion beginning at the middle of the ninth line of the first count, and continuing as follows: — 'and the defendant at the time of said contract said that for business reasons of its own it would cause the bill for said sets to be rendered in the name of the Radio Supply Corporation, and requested the plaintiff to make its check in payment for said sets to the order of said Radio Supply Corporation.'  The plaintiff moves that the foregoing be stricken out on the ground that it is an allegation of evidence rather than of a cause of action, and is unnecessary to a statement of the cause of action alleged by the plaintiff.

"(2)  The portion beginning in the fifth line of the second page of said declaration, and continuing as follows: — 'and thereafter customers complained that said sets were not radio sets and demanded return of the purchase price thereof and the plaintiff was obliged to and did restore said purchase

price and thereby the plaintiff for the first time learned that said sets were not radio sets and not in conformity to said contract of sale and thereupon the plaintiff had an expert test of said sets made and thereby learned for the first time that said articles were not generally radio sets and did not conform to said contract.' The plaintiff moves that the foregoing be stricken out on the ground that it is an allegation of incompetent evidence, and is unnecessary to a statement of the cause of action alleged by the plaintiff.

"(3) The portion beginning in the fifth line from the bottom of the second page of said declaration and continuing: — 'and since the date of the writ in this case (June 28, 1924) additional of said articles have been received back from customers of the plaintiff.' The defendant prays that the foregoing be stricken out on the ground that the same is an allegation neither of a cause of action nor of evidence relative to any cause of action alleged in said declaration, and is unnecessary to a statement of the cause of action alleged by the plaintiff."

The motion was denied.

Material evidence is stated in the opinion. The witness Curtis, there referred to, was an expert who, at the plaintiff's request, examined two hundred forty-six of the radio sets delivered to the plaintiff by the defendant and gave to the plaintiff a report in writing.

Exceptions saved by the defendant in the course of the trial are stated in the opinion.

The jury returned a verdict for the plaintiff on counts 1 and 2 in the sum of $11,668.95; and, in the alternative, on count 3 in the sum of $8,157. The defendant alleged exceptions.

*J. W. Worthen*, (*E. B. Cook & G. M. Palmer, Jr.*, with him,) for the defendant.

*E. F. McClennen*, (*A. E. Whittemore & J. R. Flanagan* with him,) for the plaintiff.

SANDERSON, J. This is an action of contract in three counts. The first two are for the recovery of money paid by the plaintiff for radio sets and are based upon a rescission of the contract; the third is in the alternative for damages for breach of warranty in the same contract. The jury

found for the plaintiff on the first and second counts in the sum of $11,668.95, and, in the alternative, on the third count in the sum of $8,157.

Certain testimony was admitted *de bene*, subject to the defendant's exceptions, but was followed by no motion to strike out. Its admissibility need not be considered.

The defendant contends that it did not make a contract of sale with the plaintiff. The written order for the goods dated February 6, 1924, was made in the name of Radio Supply Corporation, which was represented in the transaction by one Mahoney. The invoice for the goods was in the name of that corporation and the checks given by the plaintiff in payment were made to its order. Melvin S. Dorr represented the plaintiff in the matter, and the negotiations for the sale were conducted both with Mahoney and one Ludlow, New England sales manager of the defendant. The goods were shipped directly from the defendant's factory to the plaintiff. The evidence tended to show that Dorr and Ludlow, at the end of the negotiations, agreed upon the price for the sets. Testimony was offered to explain the reason why the defendant desired the transaction put through in the name of the Radio Supply Corporation. Upon conflicting evidence, the question, whether the latter corporation was acting as agent for the defendant, was one of fact for the jury. Submission of bills for the goods by and in the name of the Radio Supply Corporation did not preclude the plaintiff from showing that the sale was in fact made by the defendant. *Lerned* v. *Johns*, 9 Allen, 419. *Byington* v. *Simpson*, 134 Mass. 169, 170. *Morrison* v. *F. A. Dutton Motor Co.* 251 Mass. 431, 432.

The plaintiff's testimony tended to prove that it insisted on having the defendant's protection in the transaction and that it would not buy the radio sets unless assured that they carried the "Amrad" guaranty with them. The jury could have found that this guaranty was "full satisfaction or money refunded." Such a guaranty constitutes a warranty. *Weinstein* v. *Miller*, 249 Mass. 516, 519. The facts in *Wall* v. *Britton Stevens Motors Co.* 251 Mass. 517, 520, distinguish it from the case at bar.

Circulars issued by the defendant containing such a guaranty were turned over to the plaintiff with its order. The sales manager of the defendant testified in substance that these circulars probably indicated "the attitude of the home office on January 28, 1924"; and, also, that it was the policy of the defendant to give unqualified guaranty of complete satisfaction or purchase price refunded up to the time the goods were delivered to the plaintiff. The circular was made competent when offered by the plaintiff by reason of the fact that it previously had been shown to the jury by the defendant; but it was admissible for the further reason that it tended to prove the guaranty referred to in the contract.

The radio sets were described to the plaintiff as Amrad radio sets 3500-U and 3500-2, with certain radio frequency and one stage of detector and two stages of volume. "Where the goods are bought by description from a seller who deals in goods of that description, whether he be the grower or manufacturer or not, there is an implied warranty that they shall be of merchantable quality." G. L. c. 106, § 17, cl. 2. When an article is sold by a trade name there is no implied warranty as to its fitness for any particular purpose. G. L. c. 106, § 17, cl. 4. But there is an implied condition of the "merchantability of the goods according to such trade name." *Parker* v. *S. G. Shaghalian & Co. Inc.* 244 Mass. 19, 22. *Standard Rice Co. Inc.* v. *P. R. Warren Co.* 262 Mass. 261, 264, 265. The jury could have found that the defendant knew the plaintiff was buying the goods for resale and that the plaintiff relied on the skill of the defendant as the manufacturer of these sets. *Ward* v. *Great Atlantic & Pacific Tea Co.* 231 Mass. 90, 93. *Keenan* v. *Cherry & Webb,* 47 R. I. 125, 128.

The rights of the defendant could not have been prejudiced by the refusal of the trial judge to give its request to the effect that the fact that the defendant knew the plaintiff was a retail merchant buying goods for resale was not evidence of a warranty that they were fit for resale by the plaintiff. This request, if given, might confuse the jury as to the law of' implied warranty of merchantability. The fact that goods are bought for resale is one of the elements necessary to the

establishment of this implied warranty. *Parker* v. *S. G. Shaghalian & Co. Inc., supra.* The charge adequately covered this aspect of the case.

The defendant's request for a ruling, that, if the plaintiff bought and received goods having a trade name, there was no implied warranty that the goods were fit for any particular purpose, properly was refused. This request overlooked the fact that the particular purpose may be merchantability, and the selling by a trade name does not prevent the implied warranty of merchantability. *Parker* v. *S. G. Shaghalian & Co. Inc., supra.*

Many sets, after being sold by the plaintiff, were returned to it for the assigned reasons that they were defective, unsatisfactory, and would not work, and that the oscillation in some cases made them useless. There was testimony that a person with a clear conscience could not sell them to customers as radio sets; that they were not worth anything to sell as such sets and that the only things of value were the parts to break up and sell separately. An expert in such matters testified that, in his opinion, the two hundred and forty-six sets submitted to him by the plaintiff for examination were not, properly speaking, commercial radio sets merchantable as such by an honest merchant. Two of the sets were demonstrated to the jury. They therefore were able to base their conclusion upon what they observed, as well as upon the testimony of witnesses, in deciding whether the sets were merchantable as radio sets. This question was one of fact for the jury.

Three hundred fifteen sets were delivered to the plaintiff. Two hundred and thirty-eight of these were sent back with a letter dated June 27, 1924, stating that they were not radio sets in that they would not operate and were not in accordance with the contract of sale, and a demand was made for the repayment of the purchase price. The sets returned were sent directly to the defendant by the expert employed by the plaintiff; eight sets were put in storage by him and there has been no offer to return these eight sets; some are still in the plaintiff's place of business, having been returned by purchasers since the sets were sent back; some may have

been broken up and the parts sold, and some of the sets sold by the plaintiff have not been returned by the purchasers. The witness Mahoney, called by the plaintiff, testified that the plaintiff would not buy any of these sets unless he got three thousand variometers at a stipulated price, and that the sale of these variometers was a part of the same transaction. The witness then testified that this variometer transaction was a separate one, but he then repeated his testimony to the effect that the plaintiff insisted that he would not take any radio sets unless he got the variometers at a special price. The written order for the radio sets included an order for these variometers. No offer was made to return any of them.

Following this return of property, counsel for the defendant, in a letter to counsel for the plaintiff, stated, among other things, that they understood the defendant had no dealings with the plaintiff and therefore the plaintiff had no right to return merchandise to the defendant; and furthermore, that the merchandise was what the defendant was expected to deliver under its contract with the Radio Supply Corporation. An agreement then was made that the merchandise would be stored by the defendant in a separate lot without prejudice to the rights of either party. A vendee cannot at the same time attempt to disaffirm a part of his contract and keep the benefit of the rest. *Loomis* v. *Pease*, 234 Mass. 101, 107. *Learned* v. *Hamburger*, 245 Mass. 461. If a vendee undertakes to rescind a contract of sale "he must first return the property sold, or do every thing in his power requisite to a complete restoration of the property to the vendor, and, without this, he cannot recover." *Dorr* v. *Fisher*, 1 Cush. 271, 274. See *Acorn Silk Co.* v. *Herscovitz*, 250 Mass. 553, 555. As a general rule, subject to certain well established exceptions, the right to rescind depends upon the buyer's ability to put the seller into substantially the same position that he occupied before the transaction was entered into. The evidence did not justify a finding that the plaintiff had done all that it reasonably could have done to restore the defendant to the position it was in before the sale was made. As the plaintiff failed to maintain the bur-

den of proving a rescission, the motion for a directed verdict on counts one and two should have been granted.    This conclusion makes it unnecessary to consider the questions, whether the offer to rescind could be found to have been made within a reasonable time, and whether the plaintiff could rescind after it had sold part of the goods.

The exception to the denial of the defendant's motion to require the plaintiff to elect whether to proceed on counts one and two based upon a rescission, or upon count three based upon a breach of warranty, must be overruled.    The fact that the plaintiff in certain counts seeks to recover on the ground of rescission does not as matter of law preclude it from establishing liability on another ground in case its attempted rescission should be held to be ineffectual.    It is in the interests of accomplishing justice in a case of this kind to have all material issues of fact decided, so that the case may be finally determined in one trial if it should appear as matter of law that the action cannot be maintained on any of the counts or that it may be maintained on certain counts and not on others.    The question, whether an election between counts should be required in a case like the present, is to some extent a matter of discretion.    In many cases in which an election has been required, this court has decided that the order was not error.    *Brown* v. *Woodbury*, 183 Mass. 279.    *Williams* v. *Pittsfield Lime & Stone Co.* 258 Mass. 65. The issues presented by the counts based on rescission and by the count based on breach of warranty could easily be understood and distinguished by the jury.    The right to rescind as well as the right to recover on the third count was based upon proof of a breach of warranty.    The defendant has not shown that it has been harmed by the refusal of the court to order an election.

The defendant filed a motion that a verdict be directed for it on each count.    It also filed a motion that a verdict be directed for the plaintiff on the third count in the sum of $1. Its exception was saved to the denial of each motion.    Upon the evidence the jury would have been justified in finding a verdict either for the plaintiff or for the defendant on the third count, and the judge was warranted in leaving to the

jury the issue of liability on that count. The question, whether the evidence justified a finding for substantial damages, was not properly raised by a motion which the judge was bound to deny, because if granted he would have ruled in effect that a warranty and a breach of warranty had been proved. The defendant did not admit liability but was insisting on all of his rights on that issue. No request for ruling was made raising the issue of the adequacy of the evidence to support a verdict for substantial damages, and it does not appear that that issue was passed upon by the trial court or is properly before us. There was no error in the denial of both of the defendant's motions on the third count.

The defendant excepted to the testimony of the witness Henderson giving a conversation with two radio engineers at the defendant's factory in regard to the sets which the plaintiff had returned to the defendant. The jury could have found that these sets were in part those which previously had been bought by the witness and returned to the plaintiff. Henderson was at the factory for business reasons and the engineers were conducting an investigation with him. They took him into the testing room, where they were testing certain sets for him. He testified that these men were the defendant's engineers and represented themselves as such. They referred to the sets there piled together as tied up pending litigation with the plaintiff and told the witness that the sets could be rebuilt with certain changes to make them substantially salable. The ground of objection was that the engineers were not shown to be the authorized agents of the defendant. This testimony was not materially different from that given by another witness called by the plaintiff, and was more favorable to the defendant than other parts of the plaintiff's evidence. The jury could have found that the engineers were the men on the defendant's premises designated to give information to any business caller concerning the materials they had in stock, and that from the facts disclosed there was an inherent probability that the engineers in making the statements were acting as agents of the defendant and within the scope of their authority. *Anthony &*

*Cowell Co.* v. *Brown,* 214 Mass. 439, 441. But if it be assumed that the engineers were not shown to be authorized to speak for the defendant, nevertheless the admission of their statements cannot be said to be prejudicial error.

The witness Dorr testified to the value of sets, assuming they were as described in the report of the witness Curtis. The defendant excepted to this evidence on the ground that the report on which it was based was not in evidence. Curtis later testified in detail about his inspection of the sets and what he discovered. When counsel for the plaintiff offered the report at the conclusion of the direct examination of this witness, he stated in substance that the facts had been testified to by the witness and that the report contained nothing different from his testimony, and that this state of the investigation was made known to the plaintiff and was the basis of rescission. The defendant objected to the report and the trial judge said to counsel for the plaintiff, "you have already stated that he sent that report to them and that it contained all the things, the substance, that he has here set out; so we have got it." Counsel for the plaintiff then said that was all he cared for. This all took place in the presence of the jury, and they must have understood that the report referred to in the question as to value was not substantially different from the testimony which they had heard, and that the valuation given by Dorr was based upon facts appearing in this testimony. In the admission of the testimony excepted to we find no reversible error.

The defendant's exception to the exclusion of the question to Ludlow, whether he had assisted Mahoney to make sales to third parties before February, 1924, must be overruled. There was no offer of proof. *Magnolia Metal Co.* v. *Gale,* 191 Mass. 487, 488. But if it be assumed that the evidence would have tended to show that assistance had been rendered Mahoney in making sales to other parties than the plaintiff, it related to an immaterial collateral matter and was properly excluded. There was no error in excluding evidence as to the number of similar sets sold by the defendant in previous years. The defendant's exception to the ruling striking out testimony of Ludlow to the effect that he had operated a set

identical with those sold to the plaintiff, and obtained broadcasting by the use of it, must be overruled. The defendant has possession of a large number of the sets in litigation, they have been available for testing and two of the sets were demonstrated to the jury. The exclusion of evidence of experiments is largely in the discretion of the court. *Dow* v. *Bulfinch,* 192 Mass. 281, 285, 286. *McCarthy* v. *Curry,* 240 Mass. 442.

The witness Mahoney testified in cross-examination that, at an interview after the controversy arose, he did not say that he acted as an independent dealer taking the plaintiff's order as such. The defendant called a witness who testified that at this interview Mahoney did not say that the sale was directly from the defendant to the plaintiff but said that the sale was directly from the defendant to the Radio Supply Corporation. A further question as to what Mahoney said at this interview was excluded subject to the defendant's exception. The witness had already given evidence to contradict what Mahoney had said and the offer of proof then made added nothing of a substantial nature. In the exclusion of this evidence no reversible error is shown.

Before the trial the defendant moved to strike out certain parts of the declaration and excepted to the order denying this motion. The parts objected to stated matters of substance upon which the plaintiff relied to establish the right of action. The allegations do not seem to have been in violation of the requirements of G. L. c. 231, § 7, cl. 2. The declaration sets forth concisely and with substantial certainty the substantive facts necessary to constitute a cause of action. *Feldman* v. *Whitmark,* 254 Mass. 480, 482. This exception must be overruled.

Exceptions to the refusal to allow the defendant's motion for a directed verdict on the first and second counts must be sustained and judgment be entered for the defendant on those counts. All exceptions relating to the third count are overruled; and judgment on the verdict is to be entered for the plaintiff on that count.

*So ordered.*