KOLODZCAK *v.* PEERLESS MOTOR CO.

1. SALES—EXPRESS WARRANTY PRECLUDES IMPLIED WARRANTY.
   Express warranty in contract for sale of automobile, with provision that there were no other understandings, agreements, or warranties, precludes reading into contract implied warranty.

2. PLEADING—DECLARATION—AMENDMENT—DISCRETION OF COURT.
   Granting or denying application to amend declaration is within discretion of trial court, and, in absence of showing of abuse of discretion, ruling of trial judge is not disturbed, on review.

Error to Wayne; Campbell (Allan), J. Submitted April 7, 1931. (Docket No. 8, Calendar No. 35,491.) Decided June 3, 1931.

Case by Michael Kolodzcak against Peerless Motor Company, a foreign corporation, for breach of an implied warranty in the sale of an automobile. Directed verdict and judgment for defendant. Plaintiff brings error. Affirmed.

*Harry J. Lippman,* for plaintiff.

*Joseph E. Rau (Roy H. Hall,* of counsel), for defendant.

NORTH, J. On July 29, 1925, plaintiff purchased of defendant an automobile. Shortly thereafter he had an accident with it. He testified: "Ten days after I purchased the automobile I smashed it." Plaintiff claims that, aside from the damage resulting from the accident, the machine was defective. Within the two and a half months following the purchase plaintiff frequently placed the automobile in defendant's garage for repairs, and he claims he

(47)

was assured that by repairing defendant could and would place the machine in good running condition. This result was not accomplished. On or about October 20, 1925, plaintiff demanded that defendant return the portion of the purchase price he had paid, and at that time surrendered the car to defendant or to the finance company which was a party to this transaction. Plaintiff's demand for repayment was not complied with and he brought this suit to recover. The trial judge directed a verdict against plaintiff and he has appealed.

In directing verdict for the defendant the circuit judge held that, because of the terms of the contract under which plaintiff purchased his automobile, he had not proven such a breach of warranty, either express or implied, as would sustain a judgment for a breach of warranty or justify recovery on the theory of rescission. The contract provides:

"The warranty on this automobile is only that which is published in the Peerless catalog (copy of which is printed on the reverse side of this contract) and the purchaser expressly agrees that no claim will be made except as specifically provided for in this contract. (On reverse side of contract) * * * We warrant the motor vehicles manufactured by us for 90 days after the date of shipment, this warranty being limited to the furnishing at our factory of such parts of the motor vehicle as shall, under normal use and service, appear to us to have been defective in material or workmanship."

The contract also contained the following provision:

"There are no understandings, agreements or warranties, expressed or implied, not specified herein, respecting this contract or the goods hereby ordered."

The foregoing provisions are plain and emphatic. Because of them there can be no implied warranty of any kind read into the contract. There was no proof of a breach of the express warranty contained in the contract. The express warranty is limited to the furnishing by defendant of such parts of the motor vehicle as to defendant appear within 90 days to have been defective in material or workmanship. Plaintiff offered no proof tending to establish a right to recover for breach of this express warranty in the contract. But it is plaintiff's claim that he is entitled to rescind the contract to purchase and recover because he advised defendant of the purpose or purposes for which he wished to use this automobile and relied upon defendant's skill and judgment in furnishing such a vehicle as was suited to plaintiff's needs; and under the circumstances plaintiff claims a breach of an implied warranty of fitness. He relies upon *Burkett* v. *Oil Automatic Heating Corp.*, 241 Mich. 634. This authority is not applicable, because, as noted from the above-quoted portion of the contract, in the instant case all implied warranties were expressly excluded. The trial judge correctly held that plaintiff did not offer proof tending to establish his right to recover damages for breach of warranty or upon the theory of rescission.

After plaintiff had rested, and after some colloquy between court and counsel, plaintiff asked permission to file an amended declaration. This application was denied. The character of the proposed amendment and the court's reason for denying the application are set forth in the judge's statement to the jury incident to directing a verdict. This we quote in part:

"Now, there was another cause of action which was testified to by the plaintiff. That cause of action was separate and distinct from the one declared

on. * * * The plaintiff testified that the sales manager of the defendant company told him that if he would take his car back to the finance company that they would give him the money back. This declaration was filed in 1925. It is now 1930. No claim has been made on the part of the plaintiff based upon that contract. Now, the plaintiff, on the 12th day of June, 1930, asks leave to change his whole theory of right to recover, and declare upon a new state of facts. * * * For him to wait all this time and then proceed to make the change is, in my judgment, not in furtherance of justice, and not according to the broad principles of law. I am therefore refusing the privilege to amend.''

No reason appears in this record why we should disturb this ruling of the court. We have repeatedly held that granting or denying such an application to amend is within the discretion of the trial court. *Hoyt* v. *Wayne Circuit Judge,* 117 Mich. 172; *Walker* v. *City of Detroit,* 136 Mich. 6.

The judgment entered in favor of the defendant is affirmed, with costs to appellee.

Butzel, C. J., and Wiest, Clark, McDonald, Potter, Sharpe, and Fead, JJ., concurred.