Bolster, C. J.
This is, as it now stands, an action of contract by a purchaser of a pair of shoes against her immediate vendor, for breach of warranty. The trial judge has reported many rulings, but both parties submitted the matter on their briefs and the only point argued by the defendant is that no warranty could be found because the shoes were sold under a trade name: Therefore, only that allegation of error is considered. Guinan v. Famous Play *130 ers-Lasky Corp., 267 Mass. 501. The declaration contains allegations savoring both an express and an implied warranty. There was evidence that the clerk who made the sale assured the plaintiff that “This shoe is all right”. If this can be considered an affirmation of fact under Gen. Laws, Ch. 106, sec. 14, consideration of the existence of an implied warranty is unnecessary. But the request reported is that if the shoes were sold under a trade name, there was no implied warranty. The answer was “denied as immaterial as I do not find that the shoes — were sold— under a trade name”, and in his findings, the judge said that the plaintiff relied in part on an implied warranty that the shoes were free from defects and suitable to be worn by her, that one was defective by reason of a small concealed knot in the top rear seam, which wore through the lining and caused a blister which was followed by an infection.
The purchase followed a notice from the defendant to the plaintiff that it was prepared to sell her “Ground-Gripper, Physical Culture and Knicker-bocker Shoes.” She asked for and was fitted to “ground-gripper orthopedic shoes.” There was evidence that she bought a “modified Ground-Gripper shoe”. The defendant’s argument assumes that this cannot be anything other than a sale by a trade name.
As stated in Weiner v. D. A. Schulte, Inc., 275 Mass. 379, “It does not follow necessarily from the fact that the article purchased had a trade name that it was bought thereunder or that the buyer did not rely on the skill or judgment of the seller”. Nor is warranty of merchantability excluded, cf. Ireland v. Louis K. Liggett Co., 243 Mass. 243, Parker v. Shaghalian & Co., 244 Mass. 19, Raymond Syndicate v. Am. Radio &c. Corp., 263 Mass. 147, Agoos Kid Co., Inc. v. Blumemthal Import Company, 282 Mass. 1.
*131 The purpose of Gen. Laws, ;Ch. 106, sec. 17 cl. 4 is that the trade name shall be the basis of reliance. But many words, of which “Ground-Gripper” is one, though novel at first, tend ultimately to become mere household words of description. There was no error in the refusal of the ruling in view of the judge’s special finding. What has been argued is not that the refusal of the seventh request was wrong, which is the point reported, but that the finding that there was no sale under a trade name was wrong.
Report dismissed.