## SHAWEN v. DISTRICT MOTOR CO., Inc.
### No. 120.

Municipal Court of Appeals for the District of Columbia.

Oct. 1, 1943.

Earl H. Davis, of Washington, D. C., for appellant.

R. Sidney Johnson, of Washington, D. C., for appellee.

Before RICHARDSON, Chief Judge, and CAYTON and HOOD, Associate Judges.

RICHARDSON, Chief Judge.

Appellant was defendant in a suit for the unpaid balance of her installment note of $1041, representing part of the purchase price of a new 1941 Hudson taxicab. Plaintiff, appellee here, was the dealer and payee of the note. Trial was by jury.

[5] See Socony-Vacuum Oil Co. v. Smith, 305 U.S. 424, 59 S.Ct. 262, 83 L.Ed. 265.

Defendant testified that in February, 1941, when she made the purchase she traded in and received credit for a Hudson automobile she had driven as a taxicab for approximately 75,000 miles; that when she made this purchase, plaintiff's representative told her the car had "withstood all road tests on the salt flats of Utah" and was "the most durable automobile for taxicab purposes". Until August, 1941, she had no serious trouble with the car, by which time she had driven it approximately 38,000 miles. Then on her return from a trip to Pittsburgh "the motor started grinding". She had the motor replaced at a cost of $50. Later that motor was also replaced. In all she spent about $600 in repairs prior to July, 1942, at which time the speedometer showed 101,300 miles. The transmission then went bad and she left the car at a garage in Alexandria, Virginia, and notified the plaintiff that it could repossess it, which it refused to do. Except for the engine and the transmission the car was in good condition when she abandoned it.

A witness for defendant testified that in his opinion the car as of August, 1942, had a market value of approximately $400.

Defendant admitted that she did not, prior to August, 1942, attempt to rescind the contract or return the car. She did not dispute plaintiff's testimony that the sale had been made under a signed sales agreement containing a 4000 mile or 90 day manufacturer's warranty, but the contract is not included in the record and it is, therefore, not before us for consideration.[1]

Error assigned is that the court directed a verdict for plaintiff and refused to submit to the jury the issues of damages arising from (1) breach of warranty; (2) partial failure of consideration, and (3) plaintiff's neglect to minimize its loss by repossession of the car.

Defendant offered no evidence to refute the statement that the car had "withstood all road tests on the salt flats of Utah". Nor was there evidence tending to compare the durability of this car with those of other makers. And we are of opinion that evidence on so indefinite an issue would have been inadmissible.

"There are some matters which, even though asserted positively, are in their nature so dependent on individual opinion that, no matter how positive the seller's assertion, it is not held to create a warranty. Such assertions as that things are fine or valuable, or better than productions of rival makers, are of this sort."[2]

In the absence of the written agreement of sale we may assume that there was an implied warranty of fitness for the known purpose. But without serious trouble the automobile was operated as a taxicab for 38,000 miles; with $600 expended for repairs it was operated more than 100,000 miles. Without evidence of the usual or customary road life of a taxicab, there was no basis for a jury finding on this issue. And as we find in the record no evidence of a breach of the sales contract, or of warranty, express or implied, no failure of consideration, in whole or in part, has been established.

Appellant claims that a duty was imposed upon the vendor to take the car after she had abandoned it in Virginia, and thereby to minimize its loss.

This is not the case of an executory contract where the purchaser has refused delivery and the vendor remains in possession. The law governing such cases[3] has no application here.[4] Without a valid ground for rescission a purchaser of personal property after its delivery and acceptance may not create an obligation on the part of the vendor by an offer to return or a tender of the property which the vendor refuses to accept.

Affirmed.

[1] Wall v. Britton Stevens Motors Co., 251 Mass. 517, 146 N.E. 693, 43 A.L.R. 647.

[2] Williston on Contracts (Rev.Ed.) Sec. 971 A.

[3] Obrecht v. Crawford, 175 Md. 385, 2 A.2d 1, 119 A.L.R. 1129; 46 Am.Jur.Secs. 515, 566.

[4] Higgins v. California Prune & Apricot Growers, 2 Cir., 16 F.2d 190.