Ross, Respondent, vs. FABER, Appellant.

*November 5—December 3, 1957.*

The cause was submitted for the appellant on the brief of *Oscar Rademacher* of Medford, and for the respondent on the brief of *Clifford L. Curran* of Medford.

CURRIE, J.  The indebtedness of Faber to Ross in the sum of $115.29 is not disputed, but it is contended by Faber that he is entitled as a matter of law to recover on his counter-claim the sum of $150, against which the $115.29 is to be offset.  This is because Faber's testimony, that the value of the purchased truck with the admitted defect in the rear-axle housing was $150 less than the agreed purchase price, is not directly controverted in the record.

Sec. 121.69 (7), Stats., provides that, where the buyer retains the goods, and sets up breach of warranty by way of recoupment in diminution or extinction of the purchase price,

the measure of damages "in the absence of special circumstances showing proximate damage of a greater amount, is the difference between the value of the goods at the time of delivery to the buyer and the value they would have had if they had answered to the warranty."

Sec. 121.69, Stats., constitutes sec. 69 of the Uniform Sales Act. The measure of damages set forth in sub. (7) thereof has been held applicable to breach of a warranty given in the sale of a motor vehicle, where the warranty read similarly to the one before us on this appeal. *Cannon v. Pulliam Motor Co.* (1956), 230 S. C. 131, 94 S. E. (2d) 397, and *Studebaker Corp. v. Nail* (1950), 82 Ga. App. 779, 62 S. E. (2d) 198.

It was the position of the learned trial court that a jury issue was presented as to whether the dealer possessed the option to repair a minor defect instead of replacing the defective part with a new one. It was on this theory that question No. 4 was submitted in the special verdict. We cannot agree with such interpretation of the warranty.

It has been held that under an automobile warranty, which is similar in wording to the one now before us, the same is exclusive in nature in so far as precluding the purchaser from recovering on the theory of implied warranty. *Wall v. Britton Stevens Motors Co.* (1925), 251 Mass. 517, 146 N. E. 693, 43 A. L. R. 647; *Kolodzcak v. Peerless Motor Co.* (1931), 255 Mich. 47, 237 N. W. 41; and *Runco v. Brockway Motor Co.* (1949), 164 Pa. Super. 240, 63 Atl. (2d) 397. If such warranty is exclusive as to the rights of the purchaser, it would seem to follow that it is likewise exclusive as to the rights of the warrantor, which in the instant case is Ross, seller of the truck. Nowhere in such warranty is there any option given the warrantor to substitute the making of repairs in lieu of replacing the defective part. We reject any contention that such an option may be held to exist by implication.

Apparently the trial court based its interpretation, that Ross had the right to substitute a repair of a defective part in a situation where repairing the defective part would place it in the condition warranted, upon the word "necessary" appearing in the afore-quoted clause in the service policy which accompanied the warranty. The sentence in which such word was employed read, "Should the replacement of any part become necessary under the warranty, we, the selling dealer, will make the replacement without charge to you for the part or labor required to replace the part." It seems clear to us that whether it is *"necessary"* to replace a part is dependent entirely upon the provisions of the warranty, and such use of the word *"necessary"* in the service policy was not intended to limit further the liability of the dealer as stated in such warranty. Under the express wording of the warranty, the dealer was required to replace any defective part subject to certain exceptions stated therein. A defect which could be made good by repair is not included within such stated exceptions.

It, therefore, necessarily follows that the submission of question No. 4 in the verdict, and the giving of that portion of the charge to the jury with respect to such question, constituted prejudicial error.

A purchaser, in the position of Faber, may waive his right under the warranty, to have a defective part replaced by a new one, by accepting a repair of such part in lieu of such replacement. The testimony of Ross, as to what was said and done by the parties at the time the pinholes in the rear-axle housing were repaired by means of the peening hammer, would support a finding of waiver on the part of Faber. However, Faber's testimony in this respect negatives such a finding. Because of such conflict in the testimony a jury issue was presented on the issue of waiver. No question in the special verdict was directed to this issue, and this prevents us from reversing and remanding with directions that judg-

ment be rendered on the counterclaim in behalf of Faber. We deem that because of the failure to submit such issue a new trial should be directed inasmuch as the real controversy has not been fully tried. Sec. 251.09, Stats.

*By the Court.*—Judgment reversed, and cause remanded for a new trial not inconsistent with this opinion.