W. R. GRACE & COMPANY vs. NATIONAL WHOLESALE
GROCERY COMPANY, INCORPORATED.

Bristol.    October 27, 1924. — February 24, 1925.

Present: RUGG, C.J., BRALEY, CROSBY, PIERCE, & SANDERSON, JJ.

*Practice, Civil,* Auditor's report.    *Contract,* Construction.    *Evidence,* Pre-
sumptions and burden of proof, Competency, Extrinsic affecting writing,
Best evidence.    *Letter.*    *Sale,* Implied warranty.    *Conflict of Laws.*

Where an action of contract in the Superior Court is referred to an auditor
with a provision that his findings of fact shall be final, a motion to re-
commit the report is a proper method to raise questions as to the cor-
rectness of rulings by the auditor concerning the admission or exclusion
of evidence.

At hearings by an auditor, to whom, with a provision that his findings
of fact should be final, was referred an action by a general dealer in
sugar against a wholesale grocer for breach of a contract of sale of
"Brazilian washed sugar" by the plaintiff to the defendant, the de-
fendant contended that the sugar delivered was not in conformity with
the contract.    It appeared that "Brazilian washed sugar" was "not
such an article as would be known or recognized by that description
merely, so as to enable one to determine what would be a proper ful-
filment of the contract without further evidence."    *Held,* that, there
being an ambiguity about the application of the words written in the
contract to its subject matter, it was proper for the auditor to admit
such evidence, as to negotiations of the parties preliminary to the con-
tract and as to a sample submitted by the plaintiff, as would identify
the subject matter of the contract.

At the hearing of the action above described, it appeared that the con-
tract was in writing, was executed by the plaintiff in New York and by
the defendant in Fall River, and provided for delivery in New York.
There was no evidence of the law of New York as to an implied war-
ranty of merchantability.    The merchant contended that the sugar
offered for delivery was not in conformity with the contract.    *Held,*
that

(1) If the sale was governed by the law of Massachusetts, then G. L.
c. 106, § 17 (2) applied, to the effect that there was an implied war-
ranty that the sugar should be of merchantable quality;

(2) If the sale was governed by the law of New York, then, in the
absence of evidence as to the law of that State, the common law as
interpreted in this Commonwealth applied, which was that it is im-
plied in every contract of sale, such as the one here in question, that
the goods sold should be merchantable under the name by which they
were described and should be reasonably fit for the purpose to which
they were to be applied;

(3) The natural purpose of the purchase by the defendant was for use in the wholesale grocery business, and the auditor did not err in admitting testimony offered by the defendant to the effect that the sugar tendered was unfit for the wholesale grocery business.

At the hearing above described, it was proper for the auditor to exclude an office copy of a letter from the plaintiff to its broker where there was nothing to show that the letter was mailed in ordinary course and the broker, called as a witness, was not interrogated on the subject.

CONTRACT for the alleged breach by the defendant of a contract for the sale of sugar to it by the plaintiff. Writ dated December 14, 1920.

In the Superior Court, the action was referred to an auditor. The terms of the reference to the auditor and material findings and rulings by the auditor are described in the opinion. It appeared from the auditor's report that on "April 27, 1920, the plaintiff through its broker, one Fletcher, located in Providence, Rhode Island, negotiated with the defendant, represented by one Wexler, for the sale of sugar and as a result of the negotiations a contract was made on April 27, 1920," and "was executed by the defendant in Fall River and by the plaintiff in New York." It provided for delivery in New York.

A motion to recommit the report to the auditor was denied by *Lummus*, J., who also ordered the report confirmed and judgment to be entered for the defendant on the report. The plaintiff alleged exceptions and also filed what purported to be an appeal.

The case was submitted on briefs.

*L. E. Wood, I. Brayton, & D. Havens*, (of New York,) for the plaintiff.

*D. R. Radovsky, H. W. Radovsky, & I. H. Simon*, for the defendant.

RUGG, C.J.    This is an action of contract to recover damages for breach of contract in refusing to take and pay for sugar. The parties entered into a contract in writing whereby the plaintiff sold and the defendant bought about eighty tons of "Brazilian Washed Sugar," to be shipped from Brazil. The defendant refused to accept the sugar tendered by the plaintiff in performance of the contract. The case was referred to an auditor "to hear the parties and

their evidence and report his findings to the court, and his findings of fact shall be final." Motion to recommit the auditor's report was denied. The report was confirmed and judgment entered in favor of the defendant.

Motion to recommit the report is a proper method to raise questions as to the correctness of rulings concerning the admission or exclusion of evidence where the auditor's findings of fact are final. *Tripp* v. *Macomber*, 187 Mass. 109. *Pettey* v. *Benoit*, 193 Mass. 233. In all other respects such a motion is addressed to sound judicial discretion. *Randall* v. *Peerless Motor Car Co.* 212 Mass. 352, 370, 372.

The auditor found that the defendant was justified in rejecting the sugar on two separate and distinct grounds, (1) that the plaintiff tendered an amount of sugar in excess of the quantity ordered, and (2) that the quality of the sugar offered for delivery was not in conformity with the contract. In our view of the case it is necessary to consider only the questions of law touching the second ground.

The finding of the auditor was that the testimony did not convince him that Brazilian washed sugar is a descriptive term sufficient without more to identify the article sold. The recitals of evidence in the report adequately show such diversity of testimony as to warrant that conclusion and to support the further finding that "Brazilian washed sugar is not such an article as would be known or recognized by that description merely, so as to enable one to determine what would be a proper fulfilment of the contract without further evidence." It thus appears that there was an ambiguity about the application of the words written in the contract to its subject matter. The governing rule of law on such facts is that, for the purpose of removing or explaining an uncertainty or ambiguity of that nature, parol testimony is admissible and has a legitimate function. If previous negotiations make manifest the sense in which the terms of the contract are used, resort may be had to such negotiations as affording the best definition of the actual intention of the parties. The subject matter of the contract may be identified by proof of whatever was before the parties while they were bargaining. If the sale were by sample,

or if a sample were shown, it or a description of it would be competent upon the issue whether the article tendered corresponded with that described in the contract. *Stoops* v. *Smith,* 100 Mass. 63, 66. *Miller* v. *Stevens,* 100 Mass. 518. *Pike* v. *Fay,* 101 Mass. 134. *Keller* v. *Webb,* 125 Mass. 88, 89. *Strong* v. *Carver Cotton Gin Co.* 197 Mass. 53, 59. *West End Manuf. Co.* v. *P. R. Warren Co.* 198 Mass. 320, 324. *Avondale Mills* v. *Benchley Brothers, Inc.* 244 Mass. 153, 157.

The auditor appears to have followed this rule both in reaching his main conclusion and in the evidence which he received. The evidence as to a sample used by the broker of the plaintiff and as to his representations concerning it at the time of making the contract was rightly admitted and dealt with correctly.

There is nothing to indicate that the auditor in reaching his conclusions did not give appropriate force and significance to every word used in the contract.

There was no error in admission of testimony offered by the defendant to the effect that the sugar tendered was unfit for the wholesale grocery business. The finding was made that the name used in the contract to describe the subject of the contract was ambiguous. If the sale be governed by the law of Massachusetts, then G. L. c. 106, § 17 (2) applies, to the effect that there was an implied warranty that the sugar should be of merchantable quality. If the sale be governed by the law of New York, then (there not appearing to have been any evidence as to the statutes of New York), the common law of that State controls, which is presumed to be the same as that of this Commonwealth. It is implied in every contract of sale such as that here disclosed that the goods sold shall be merchantable under the name by which they are described. If a manufacturer or dealer sells goods, which he manufactures or deals in, for a particular purpose, so that the buyer necessarily trusts to the judgment or skill of the seller, that is an implied warranty that the goods are reasonably fit for the purpose to which they are to be applied. *Hight* v. *Bacon,* 126 Mass. 10, 12. *Leavitt* v. *Fiberloid Co.* 196 Mass. 440, 451, 452. *Inter-State Grocer Co.* v. *George William Bentley Co.* 214 Mass.

227, 231, 232. *Friend* v. *Childs Dining Hall Co.* 231 Mass. 65, 71. *Manchester Liners, Ltd.* v. *Rea, Ltd.* [1922] 2 A. C. 74. The plaintiff was a general dealer in sugar, the defendant a wholesale grocer. The natural purpose of the purchase by the defendant was for use in the wholesale grocery business. Fitness for that purpose cannot be held on this record to have been an impertinent inquiry.

No error is disclosed in the exclusion of the office copy of a letter from the plaintiff to its broker. There was nothing to show that the letter was ever mailed in ordinary course. There was nothing to raise a presumption that it was received by the broker. *Prudential Trust Co.* v. *Hayes,* 247 Mass. 311. Moreover, the broker was called as a witness and he was not interrogated concerning the letter.

The finding that the goods tendered did not conform to the requirements of the contract is not tainted with any reversible error. It is decisive of the case. It becomes unnecessary to examine the exceptions touching the other ground on which the auditor based his findings.

*Appeal dismissed.*
*Exceptions overruled.*