MAXINE NAUMANN *v.* THE WEHLE BREWING COMPANY.

MALTBIE, C. J., AVERY, BROWN, JENNINGS and ELLS, Js.

Argued June 5—decided July 16, 1940.

*John Clark FitzGerald,* with whom, on the brief, were *David E. FitzGerald* and *David E. FitzGerald, Jr.,* for the appellant (defendant).

*John Henry Sheehan,* with whom, on the brief, was *George W. Chisaski,* for the appellee (plaintiff).

JENNINGS, J.   The plaintiff was injured when a bottle of ale exploded in her hand.   The trial court gave judgment for the defendant on the count charging negligence and for the plaintiff on the count charging breach of contract.

The finding, summarized, is as follows:   The plaintiff runs a package store in Milford.   She sells Wehle's Mule Head Ale which she purchases from the defendant.   The defendant manufactures the ale, which is tested both while in the brewing tanks and at the time of bottling.   It does not manufacture the bottles but examines them before they are used.   A few days before the accident the plaintiff bought a few cases of this ale in quart bottles, which were placed on the floor of the store in a suitable place by the defendant's truckman.   The sale included the bottles.   On the afternoon of May 27, 1938, while the plaintiff was lifting a bottle out of a case with reasonable care, it exploded, injuring her.

A quart bottle of ale, such as was purchased by the plaintiff, may explode from any one of three causes: (a) when there is negligence in the manufacture of the

ale, (b) when the bottle receives a sufficiently hard blow to break it, or (c) when the bottle is defective. There was no negligence in the manufacture of the ale. The bottle received no blow sufficient to break it. There was a defect in the bottle which caused the explosion. On these facts the trial court concluded that the defendant was liable for breach of an implied warranty of merchantable quality under subdivision 2 of § 4635 of the General Statutes. The defendant seeks to have the fact that there was a defect in the bottle eliminated from the finding and practically admitted in oral argument that it must succeed in this effort in order to prevail on the appeal. Its claim in this regard is that this finding is based on surmise, conjecture and speculation.

There was evidence that a defect in the bottle might cause the explosion and evidence which might be taken as eliminating all the other suggested possibilities above mentioned. There was nothing after delivery of the bottles to the plaintiff to account for the explosion from any other cause. The question is, therefore, was this a permissible inference? The res ipsa loquitur doctrine does not apply because the instrumentality causing the injury (the bottle) was not under the exclusive management and control of the defendant. *Shirlock* v. *MacDonald*, 121 Conn. 611, 614, 186 Atl. 562; *Curtis* v. *Akron Coca Cola Bottling Co.*, 1 C. C. H. Negligence Cases (other than automobile) 788; *Slack* v. *Premier-Pabst Corporation*, 40 Del. 97, 5 Atl. (2d) 516. The Sales Act was applied in none of these cases. It does not follow, however, that the inference may not be drawn. *Jump* v. *Ensign-Bickford Co.*, 117 Conn. 110, 120, 167 Atl. 90.

Subdivision 2 of General Statutes, § 4635, reads as follows: "When the goods are bought by description

from a seller who deals in goods of that description, whether he be the grower or manufacturer or not, there is an implied warranty that the goods shall be of merchantable quality." In the case of *Burkhardt* v. *Armour & Co.*, 115 Conn. 249, 256, 161 Atl. 385, a similar provision in subdivision 1 of this act was considered. The injury was caused by a piece of tin in a can of corned beef. The beef was packed in the Argentine, shipped to Chicago and sold in Connecticut by a retailer. The inference was drawn that the presence of the piece of tin in the beef constituted a breach of the implied warranty of fitness. The contention of the retailer in the *Burkhardt* case that no inspection by it was possible was considered, and, after an examination of the conflicting authorities, rejected. The differences in subdivisions 1 and 2 in the statute do not affect the reasoning employed in reaching this result. *Ryan* v. *Progressive Grocery Stores, Inc.*, 255 N. Y. 388, 393, 175 N. E. 105, 74 A. L. R. 339; 4 Williston, Contracts (Revised Ed.) § 989. The effect of the statute is to place the burden of this warranty on the seller for the protection of anyone who buys. Instead of receding from its position in view of the decided cases, the legislature has made the burden heavier, as indicated by the amendment of 1939. General Statutes, 1939 Sup., § 1276e. We hold that the inference was permissible and the finding proper.

With this element in the finding, the result follows as a matter of course under the statute, *Morelli* v. *Fitch and Gibbons*, L. R. (1928) 2 K. B. 636, or even at common law. *Inter-State Grocer Co.* v. *George William Bentley Co.*, 214 Mass. 227, 231, 101 N. E. 147. The statute makes the implied warranty that the goods are of merchantable quality a term of the contract. The furnishing of a bottle so defective that it exploded without fault on the part of the plaintiff was a breach

of this warranty. There is no reason for confining the application of the doctrine to food, as claimed by the defendant. *Morelli* v. *Fitch and Gibbons,* supra, 641. The judgment of the court was correct.

There is no error.

In this opinion the other judges concurred.