PETER POULOS *vs.* COCA-COLA BOTTLING COMPANY OF BOSTON.

Suffolk.   December 3, 1947. — February 5, 1948.

Present: QUA, C.J., LUMMUS, DOLAN, WILKINS, & SPALDING, JJ.

*Sale*, Warranty. *Practice, Civil*, Variance; Ordering verdict; Exceptions: what questions open.

Upon a sale of a bottle of tonic under a trade name by the manufacturer to a retailer, there was an implied warranty of merchantability of the bottle as well as of its contents under G. L. (Ter. Ed.) c. 106, § 17 (2); and a finding of breach of that warranty was justified by evidence that the bottle broke and injured the retailer as he was carefully handling it.

A question of variance between the declaration and the proof in an action is not open to the defendant on an exception to the denial of his motion for a directed verdict where the record does not show that that question was raised at the trial or that the motion was based on the pleadings as well as the evidence.

CONTRACT. Writ in the Superior Court dated July 18, 1944.

The action was tried before *Williams*, J.

*H. F. Tracy*, for the defendant.

*H. Goldkrand*, for the plaintiff.

DOLAN, J. This action of contract is brought to recover compensation for personal injuries sustained by the plaintiff in the circumstances described below. The action is based on an implied warranty under the sales act. G. L. (Ter. Ed.) c. 106, § 17. The case was tried to a jury, and at the close of the evidence the defendant moved for a directed verdict in its favor. The motion was denied, subject to the defendant's exception. The jury returned a verdict for the plaintiff which was received by the judge under leave reserved. The defendant's motion for entry of a verdict for it thereunder was also denied by the judge, subject to the defendant's exception.

The evidence most favorable to the plaintiff may be summed up as follows: The plaintiff was engaged in the business of selling, among other articles, tonics, including coca cola, for cooling which he used a container or "cooler" which he had procured from the defendant. On June 29, 1944, he had thirty or forty cases of tonics, including coca cola, on hand. When the cases of coca cola were delivered to his store, the delivery men knew where to put them. Some were put where the plaintiff usually sold them and others were put in back. He employed no one except his wife, and as a rule he put the coca cola bottles in the cooler as needed. "He sells about ten to fifteen cases of coca cola a day when it is warm and if he has it." He brings the cases from the back to the front of the store near the cooler. Some of his customers "go over to the cooler or to the cases and help themselves." The defendant delivered coca cola to the plaintiff once a week. The last delivery prior to the accident, which occurred on a Thursday, was made on the previous Saturday or Monday. The plaintiff did not know how many full cases of coca cola he had brought from the back of the store to its front between the time of delivery and the day of the accident. When he brought

the cases from the back of the store "he would pile two or three or four cases on top of each other near the cooler." He did not know how many cases of coca cola were piled there when the accident happened, but he thought there were three or four cases at the cooler. On June 29, 1944, he took one of the bottles of coca cola from the top case which was full. "He just lifted it up when it broke; he lifted it about the size or twice the size of his hand; no part of the bottle hit the case as he picked it up; he lifted the bottle out very carefully so that it wouldn't touch any part of the case; there was a noise like a gun when the bottle broke; the bottom part of the bottle broke and fell to the floor." The bottle broke into three pieces. As a result his arm was cut. There was also evidence that, in the process of bottling, carbonated water is added to the syrup; that the lowest amount of pressure in a bottle is sixty-five pounds per square inch and the highest between eighty-five and ninety pounds during the filling process; that after the bottle is filled it is open to atmospheric pressure, 14.7 pounds to the square inch, and some of the pressure is released before the bottles are capped; that after the bottle is capped the maximum pressure is atmospheric pressure; that the lowest pressure for the bursting of such bottles is five hundred twenty pounds per square inch, and the highest about one thousand twenty pounds per square inch; that the caps are put on by a machine with spring pressure; and that it was conceivable that, with the pressure exerted to put the cap on, the bottle in question could have been damaged on the defendant's premises, and also conceivable that, in the processing "of those bottles of coca cola, it could receive a certain amount of abuse in the defendant's plant."

We are concerned in the present case not with any question of negligence (*Holt* v. *Mann*, 294 Mass. 21), but only with the issue whether the evidence warranted the jury in finding, as they impliedly did, that the bottle in question was not of merchantable quality under the sales act, G. L. (Ter. Ed.) c. 106, § 17 (2), by the provisions of which, referring to the sale of goods by description, ". . . there

is an implied warranty that they shall be of merchantable quality." In *W. R. Grace & Co.* v. *National Wholesale Grocery Co. Inc.* 251 Mass. 251, 254, the court said that the substance of this warranty is "that the goods sold shall be merchantable under the name by which they are described." See also *Sokoloski* v. *Splann,* 311 Mass. 203, 206. And it has been held that notwithstanding § 17 (4) [1] there is an implied warranty of the merchantability of goods sold according to trade name. *Ireland* v. *Louis K. Liggett Co.* 243 Mass. 243. *Weiner* v. *D. A. Schulte, Inc.* 275 Mass. 379. *Botti* v. *Venice Grocery Co.* 309 Mass. 450, 454–457, and cases cited. And where goods are purchased under a trade name they nevertheless must be of merchantable quality. *Parker* v. *S. G. Shaghalian & Co. Inc.* 244 Mass. 19. *Raymond Syndicate, Inc.* v. *American Radio & Research Corp.* 263 Mass. 147.

We have not been referred to and have not discovered any decision of this court in which the action was based upon an implied warranty of merchantability in the case of an explosion or breaking of a bottle in the same circumstances as those disclosed in the present case. In *Lasky* v. *Economy Grocery Stores,* 319 Mass. 224, the plaintiff failed to show that at the time when the bottle of tonic exploded in her hand she had entered into a contract with the defendant for the sale of the tonic to her. In *Ruffin* v. *Coca Cola Bottling Co.* 311 Mass. 514, the action was in tort for negligence and the evidence was held insufficient to warrant a finding of negligence.

There is, however, a case which arose under the English sale of goods act which is helpful and "in view of the fact that the . . . act was enacted before our own, and of the close similarity of the pertinent section of each act, . . . [is] entitled to consideration." *Ward* v. *Great Atlantic & Pacific Tea Co.* 231 Mass. 90, 94–95. In *Morelli* v. *Fitch & Gibbons,* [1928] 2 K. B. 636, there was evidence as follows: The plaintiff went to a public house and asked the

---

[1] "In the case of a contract to sell or a sale of a specified article under its patent or other trade name, there is no implied warranty as to its fitness for any particular purpose."

manager's wife for a bottle of ginger wine. The manager's wife said, "Two and six?" The plaintiff replied, "No. I want Stone's at two and nine." The manager's wife then took a bottle of Stone's ginger wine from a shelf and handed it to the plaintiff, who paid for it and took it home. At home, in order to open it, he used a straight-handled corkscrew and, holding the bottle in his left hand, began to pull, whereupon the neck of the bottle came away from the bottle, which fell to the ground, and the plaintiff's left hand was cut. The county court judge found that the plaintiff's evidence was accurate in all respects, that the corkscrew used was proper and suitable for the purpose of extracting the cork, that the plaintiff attempted to extract the cork in a reasonable and proper manner, that there was some defect in the bottle which rendered it unfit for the purpose for which it was required, and that the bottle was bought by description and therefore sold with the condition that it was of merchantable quality implied under § 14 (2) of the sale of goods act, 1893 (which corresponds with our § 17 [2] of G. L. [Ter. Ed.] c. 106), and found for the plaintiff. On appeal the court held that the judge was right in coming to the conclusions that the bottle of wine was bought by description, that it had been handled carefully by the plaintiff, that there was an implied condition under the sale of goods act that it should be of merchantable quality, and that there was some defect in the bottle which rendered it not of merchantable quality; and dismissed the appeal. The court said in part, "The finding . . . that there was some defect in the bottle which rendered it unfit for the purpose for which it was required, seems by implication to have some reference to s. 14, sub-s. 1, of the Sale of Goods Act, 1893, but it is, as I understand, common ground between counsel upon either side that the question which the learned judge was asked to determine and did determine was a question outside and independent of that sub-section, and was a question arising under sub-s. 2 of s. 14, the familiar words of which are as follows: 'Where goods are bought by description from a seller who deals in goods of that description (whether he be the manufac-

turer or not), there is an implied condition that the goods shall be of merchantable quality; provided that if the buyer has examined the goods, there shall be no implied condition as regards defects which such examination ought to have revealed'" (page 640). That accords with the decisions of this court as to that subject matter to which we have already referred. It is implicit in the *Morelli* case that the implied warranty of merchantability applies to the bottle as well as to the contents. [1]  We take that position. No contention to the contrary is made by the defendant in the present case.

In the instant case the bottle of coca cola in question was bought by description by the plaintiff from the defendant. It follows that it was sold by the defendant upon the condition that it should be of merchantable quality. Whether the bottle had been handled carefully by the plaintiff after it had been delivered to him was a question of fact for the jury. And the question, whether there had been a breach by the defendant of the implied warranty of merchantable quality, was also a question of fact interpreted in the light of correct principles of law. *Bianchi* v. *Denholm & McKay Co.* 302 Mass. 469, 472, and cases cited.

One point more remains to be disposed of. The defendant's counsel has argued that the plaintiff's declaration is predicated upon recovery under G. L. (Ter. Ed.) c. 106, § 17 (1), [2] and that therefore he is not entitled to recover because of the provision of § 17 (4). It is true that the allegations of the declaration sound in terms of a breach of the implied warranty of fitness under § 17 (1). There is nothing in the record to show that that ground was taken by the defendant at the trial, or that its motion for a directed verdict and that for entry of a verdict for it under leave reserved were based upon the pleadings as well as the

---

[1] See *Geddling* v. *Marsh*, [1920] 1 K. B. 668.

[2] "Section 17. There is no implied warranty or condition as to the quality or fitness for any particular purpose of goods supplied under a contract to sell or a sale, except as follows: (1) Where the buyer, expressly or by implication, makes known to the seller the particular purpose for which the goods are required, and it appears that the buyer relies on the seller's skill or judgment, whether he be the grower or manufacturer or not, there is an implied warranty that the goods shall be reasonably fit for such purpose."

evidence. This being so, the question of variance is not now open to the defendant. *Botti* v. *Venice Grocery Co.* 309 Mass. 450, 458, and cases cited.

*Exceptions overruled.*