RUTH HOWARD *vs.* LOWELL COCA-COLA BOTTLING COMPANY.

Middlesex.   November 5, 1947. — March 3, 1948.

Present: LUMMUS, DOLAN, RONAN, WILKINS, SPALDING, & WILLIAMS, JJ.

*Negligence*, Bottle.   *Sale*, Warranty.   *Notice.*

Evidence merely that a bottle of carbonated beverage broke while being carefully handled by one who had just purchased it from an automatic vending machine maintained by and in the exclusive control of the bottler did not warrant a finding of negligence on the part of the bottler.

A notice to a corporation engaged in the business of bottling and selling a beverage called Coca-Cola, and reading as follows: "Please be advised that I have been consulted by the parents of . . . [a certain minor] who received serious injury to her hand on or about . . . [a certain date] when a bottle of Coca-Cola exploded in her hand. I trust this matter will receive your attention," was so defective in substance under G. L. (Ter. Ed.) c. 106, § 38, that it was proper to order a verdict for the defendant in an action by the minor against the corporation for breach of implied warranty.

TORT OR CONTRACT.   Writ in the District Court of Lowell dated June 12, 1944.

On removal to the Superior Court, the case was tried before *Warner*, J.

In this court the case was argued in November, 1947, before *Dolan, Wilkins, Spalding, & Williams,* JJ., and afterwards was submitted on briefs to all the Justices except *Qua,* C.J.

*F. M. Qua,* for the defendant.

*L. Novick,* for the plaintiff.

DOLAN, J.   This is an action of contract or tort to recover compensation for personal injuries sustained by the plaintiff when a bottle of coca cola, which she had purchased from an automatic vending machine owned and operated by the defendant, broke while in her hand.   The declaration is in two counts, the first being in contract based on breach of implied warranty under the sales act.   G. L. (Ter. Ed.) c. 106.   The second count alleges

negligence on the part of the defendant. At the close of the evidence the judge allowed the defendant's motion for a directed verdict on the first count subject to the plaintiff's exception, and denied the defendant's motion for a directed verdict on the second count subject to its exception. The jury returned a verdict for the plaintiff on that count.

The jury would have been warranted in finding the following facts: On October 29, 1943, the plaintiff purchased a bottle of coca cola from an automatic vending machine owned and operated by the defendant in the room of a factory in Lowell where the plaintiff was employed. No one other than the defendant through its agents or servants had anything to do with the loading of the machine with bottles of coca cola, the taking out of the coins deposited in the machine, or its maintenance. The key to the machine was in the exclusive control of the defendant. Upon the deposit of a five cent piece, a mechanism is released and a bottle of coca cola slides from an inside cradle into a chute, approximately six to seven inches long, partly made of metal, and down the chute, striking the bottom of the chute, which is made of rubber. The defendant does not make but purchases the coca cola syrup and the bottles. The bottles are made entirely of glass. At times employees of the defendant who were delivering coca cola for use in the machine had been seen placing cases of coca cola one on top of another. The approximate weight of each case is thirty-eight pounds. One case placed on another would come in contact with the caps or crowns of the bottles in the lower case. The machine is inspected by the defendant's servants at irregular intervals, which may be as far apart as a year. The plaintiff having deposited a five cent piece in the machine, a bottle of coca cola came down the chute. She had her lunch in her right hand, picked up the bottle in her left hand, proceeded to a room which was about fifteen or twenty feet from the machine, and sat down there with three coworkers. Obtaining an opener from one of them she held it in her right hand; "without touching it to the bottle which was still in her left hand, she made a

motion to open the bottle and when she did she saw blood all over her hands." The bottom of the bottle fell into her lap. The cap was still on the top of the bottle. From the instant that she picked up the bottle from the machine she did not strike it against anything nor did it come in contact with any object. As a result of the accident the plaintiff's hand was cut.

The defendant has argued that there is no evidence of any negligence on the part of the defendant with respect to the bottling process, or to indicate that the vending machine was defective, or to show that the bottle in question had been damaged by being in a case upon which another case of coca cola had been superimposed; that the evidence discloses that the bottle was in the sole possession and control of the plaintiff when it broke; and that the cause of the breaking was purely a matter of surmise or conjecture.

The plaintiff had the burden of proving that the accident was caused by negligence of the defendant. This was an affirmative burden and could not be left to surmise, conjecture or imagination. The plaintiff, however, was not bound to exclude every possible cause for her injuries other than that of negligence of the defendant, and was only required to show by a preponderance of the evidence a greater likelihood that her injuries resulted from an act of negligence for which the defendant is responsible rather than from a cause for which it is not liable. *Rocha* v. *Alber*, 302 Mass. 155, 157–158. *Sargent* v. *Massachusetts Accident Co.* 307 Mass. 246, 250–251. *Flynn* v. *Growers Outlet, Inc.* 307 Mass. 373, 377. *Mucha* v. *Northeastern Crushed Stone Co. Inc.* 307 Mass. 592, 596. Upon the facts disclosed by the evidence, however, we are of opinion that the jury could not have inferred properly that the plaintiff's injuries were caused by negligence of the defendant.

There was no evidence in the present case to warrant a finding that the contents of the bottle had been too highly charged with carbonic gas, the evidence being simply that it broke in the plaintiff's hand, that while holding it she looked at her hand and saw that it was covered with blood, and that the bottom of the bottle dropped into her lap. There

was no evidence to show that the breaking of the bottle was due to any negligence of the defendant at its bottling plant or elsewhere, nor to warrant a finding that any defect in the bottle that the jury might have found caused it to break should have been discovered by the defendant by reasonable inspection. *Burnham* v. *Lincoln*, 225 Mass. 408, 410. *Roscigno* v. *Colonial Beacon Oil Co.* 294 Mass. 234. *Stodder* v. *Coca-Cola Bottling Plants, Inc.* 142 Maine, 139, and cases cited. *Loebig's Guardian* v. *Coca-Cola Bottling Co.* 259 Ky. 124, 126.

At best the evidence in the present case left the cause of the breaking of the bottle to mere conjecture or surmise, and was therefore insufficient to permit the case to be submitted to the jury on the count for negligence. *Burnham* v. *Lincoln*, 225 Mass. 408, 410. See *Stewart* v. *Crystal Coca-Cola Bottling Co.* 50 Ariz. 60; *Loebig's Guardian* v. *Coca-Cola Bottling Co.* 259 Ky. 124; *Stodder* v. *Coca-Cola Bottling Plants, Inc.* 142 Maine, 139; *Seven-Up Bottling Co. Inc.* v. *Gretes*, 182 Va. 138.[1] Accordingly the defendant's exception to the denial of its motion for a directed verdict on that count must be sustained.

It now becomes necessary to consider the plaintiff's exception to the action of the judge in allowing the defendant's motion for a directed verdict in its favor on the first count of the plaintiff's declaration, which was in contract and was based on breach of an implied warranty under the sales act.

The defendant's motion for a directed verdict was based on the pleadings and the evidence, and among other grounds set up that there "was no evidence that the plaintiff gave the defendant a sufficient notice [of the accident] under G. L. (Ter. Ed.) c. 106, § 38." The notice given to the defendant was dated November 3, 1943, and was as follows: "Coca Cola Bottling Co. 39 First Street Lowell, Mass. Gentlemen: Please be advised that I have been consulted by the parents of Ruth Howard, a minor, who received

---

[1] A collection of cases, some allowing recovery in circumstances somewhat similar to those in the present case and others refusing recovery, will be found in *Escola* v. *Coca Cola Bottling Co. of Fresno*, 24 Cal. (2d) 453, 457.

serious injury to her hand on or about October 29th when a bottle of Coca-Cola exploded in her hand. I trust this matter will receive your attention. Very truly yours, Leonard Novick."

General Laws (Ter. Ed.) c. 106, § 38, provides in part that "if, after acceptance of the goods, the buyer fails to give notice to the seller of the breach of any promise or warranty within a reasonable time after the buyer knows, or ought to know of such breach, the seller shall not be liable therefor." [1] This requirement of notice within a reasonable time is for the protection of the seller against belated claims for damages for alleged breach of warranty by any purchaser. *Idzykowski* v. *Jordan Marsh Co.* 279 Mass. 163. *Johnson* v. *Kanavos,* 296 Mass. 373. *Bruns* v. *Jordan Marsh Co.* 305 Mass. 437. *Pearl* v. *Wm. Filene's Sons Co.* 317 Mass. 529. Neither the statute nor the decisions of this court formulate any precise standard defining the kind of notice required to be given in order to hold the seller liable for any breach of warranty, but it is settled that in order to hold the seller liable "it must refer to particular sales, so far as that is practicable; that it must at least fairly advise the seller of the alleged defects, and that it must be such as to repel the inference of waiver," and such that "it ought to be reasonably inferable therefrom that the buyer is asserting a violation of his legal rights." *Nashua River Paper Co.* v. *Lindsay,* 249 Mass. 365, 369–370. In the instant case the notice did not make it apparent to the defendant that the plaintiff claimed a violation by it of her legal rights which amounted to a breach of warranty. No reference was made in the notice to any sale by the defendant to the plaintiff of the bottle in question, nor does it indicate that the claim arose out of a sale. No statement is contained in the notice as to the place of the alleged explosion of the bottle, nor of the nature of any alleged defect in the bottle. There was no such sufficiency of notice as that in *Morin* v. *Stromberg,* 309

---

[1] In *Poulos* v. *Coca-Cola Bottling Co. of Boston, ante,* 386, the sole question was whether the evidence warranted a finding of breach of the implied warranty of merchantability under the sales act.

Mass. 146, where the notice "made it apparent that the plaintiffs claimed that there had been violations of their legal rights which amounted to breaches of warranty, and that they were informing the defendant of that fact" (page 149). In the case just cited the court also said, "That is what the defendant needed to know for her protection." The notice in the present case was manifestly inadequate to advise the defendant of the facts which it needed to know, and it was not, so far as appears, supplemented by any oral communications as was the case in *Guthrie* v. *J. J. Newberry Co.* 297 Mass. 245. The notice was so defective in substance that whether it was sufficient presented a question of law, and the judge's action in ordering a verdict for the defendant on the first count of the plaintiff's declaration, based on breach of warranty, was right. It is unnecessary to consider other contentions made by the defendant in support of that action by the judge.

The entry will be

*Plaintiff's exceptions overruled.*
*Defendant's exceptions sustained.*
*Judgment for the defendant.*