JAMES A. MEAD *vs.* COCA COLA BOTTLING COMPANY.

Hampden. September 18, 1952. — November 18, 1952.

Present: QUA, C.J., LUMMUS, RONAN, WILKINS, & WILLIAMS, JJ.

*Sale*, Warranty, What constitutes, Property sold, Bottle, Vending machine. *Notice*.

Evidence that while a purchaser of a bottle of coca cola from an automatic vending machine was attempting to open the bottle by a cap remover on the machine without exerting "much pressure" the bottle burst or broke in his hand and he was cut warranted a finding that the bottle was defective and not of merchantable quality. [441–442]

A finding that there was a sale and, under G. L. (Ter. Ed.) c. 106, § 17 (2), an implied warranty of merchantable quality of a coca cola bottle as well as of the coca cola contained in it was warranted by evidence that one inserted a nickel in an automatic vending machine and received the bottle of coca cola from the machine. [442–443]

Evidence that a few days after a purchaser of a bottle of coca cola was injured by its bursting or breaking and cutting him he gave a signed statement describing the essential facts of the sale and the accident to an authorized investigator employed by the seller or his attorney, and declined a suggestion by the investigator that the broken bottle in his, the purchaser's, possession be taken away by the investigator, saying that he would keep it, warranted a finding that he had complied with the provision of G. L. (Ter. Ed.) c. 106, § 38, for giving notice of breach of warranty to the seller. [443–445]

CONTRACT. Writ in the Superior Court dated October 10, 1949.

The action was tried before *Giles*, J.

*Raymond T. King*, (*George W. Leary* with him,) for the defendant.

*James F. Egan*, for the plaintiff.

WILLIAMS, J. This is an action of contract upon an implied warranty of merchantability in the sale to the plaintiff by the defendant of a bottle of coca cola from an automatic vending machine owned and maintained by the defendant. The defendant's motion for a directed verdict was denied subject to its exception, and the jury returned a verdict for the plaintiff. The defendant having through inadvertence failed to file its bill of exceptions within the prescribed time, the judge reported the case on the issues whether there was evidence for the jury of the breach of an implied warranty of merchantability and, if so, whether the plaintiff gave to the defendant the notice required by G. L. (Ter. Ed.) c. 106, § 38.

There was evidence as follows. The plaintiff was employed as general manager of Powers Paper Company in Springfield, and the defendant maintained on the first floor of the paper company's plant an automatic vending machine for the dispensing of coca cola in bottles. On the insertion of a "nickel" the machine would deliver a bottle of coca cola. The injury for which the plaintiff seeks compensation was received on June 27, 1949. The plaintiff had deposited a nickel in the vending machine and had received from it a bottle of coca cola. He applied the bottle to the cap remover attached to the machine without exerting "much pressure." The bottle burst or broke in his hand and he was cut. The evidence was sufficient to warrant a finding that the bottle was handled by the plaintiff in a manner to be expected by the seller of the beverage and that the bottle was defective. *Holt* v. *Mann*, 294 Mass. 21. *Bruns* v. *Jordan Marsh Co.* 305 Mass. 437. *Naumann* v. *Wehle Brewing Co.* 127 Conn. 44. A conclusion was warranted that the bottle at the time of delivery was not

merchantable. *Poulos* v. *Coca-Cola Bottling Co. of Boston,* 322 Mass. 386. *Whittemore* v. *Pepsi-Cola Bottling Co. of Attleboro,* 325 Mass. 758. *Naumann* v. *Wehle Brewing Co., supra.* Merchantable quality usually means that goods shall be reasonably suitable for the ordinary uses for which goods of that kind and description are sold. *Giant Manuf. Co.* v. *Yates-American Machine Co.* 111 Fed. (2d) 360. See *Inter-State Grocer Co.* v. *George William Bentley Co.* 214 Mass. 227, 231; Williston on Sales (Rev. ed.) § 243; Prosser, The Implied Warranty of Merchantable Quality, 27 Minn. L. Rev. 117.

It is provided by G. L. (Ter. Ed.) c. 106, § 17 (2), that "Where the goods are bought by description from a seller who deals in goods of that description, whether he be the grower or manufacturer or not, there is an implied warranty that they shall be of merchantable quality." The sale here was of a bottled beverage by description. It was a sale of goods by a trade name generally known as a name describing a particular beverage. See *Inter-State Grocer Co.* v. *George William Bentley Co.* 214 Mass. 227, 231; *Ireland* v. *Louis K. Liggett Co.* 243 Mass. 243, 247; *Parker* v. *S. G. Shaghalian & Co. Inc.* 244 Mass. 19; *W. R. Grace & Co.* v. *National Wholesale Grocery Co. Inc.* 251 Mass. 251; *Raymond Syndicate, Inc.* v. *American Radio & Research Corp.* 263 Mass. 147, 153; *Botti* v. *Venice Grocery Co.* 309 Mass. 450, 454–457; *Sokoloski* v. *Splann,* 311 Mass. 203, 206. The sale was completed by the payment of the price and by the delivery of the goods although such delivery was made by means of a mechanical instrumentality. See *Howard* v. *Lowell Coca-Cola Bottling Co.* 322 Mass. 456, 457. There seems to be no essential difference in the method adopted for delivery from that employed in self service stores where the customer is authorized to take goods from the shelves and carry them away on payment of the stipulated price. See *Lasky* v. *Economy Grocery Stores,* 319 Mass. 224.

A primary question for decision is whether the implied warranty of merchantability imposed on the seller by the

statute covered the containing bottle as well as the beverage. To establish a warranty as to the bottle it was necessary to show that the bottle had been sold. We held in *Poulos* v. *Coca-Cola Bottling Co. of Boston*, 322 Mass. 386, that a warranty attached to bottles containing coca cola which had been purchased in case lots for resale by the proprietor of a store. In the instant case the transaction was at retail. The required price was paid and certain merchandise was delivered. There was no evidence of custom or usage which would tend to control the apparent intent of the parties that title to this merchandise should pass. It was not shown that the price paid was inadequate or unreasonable as payment for both beverage and container. After the receipt the purchaser was not prevented by any requirement of the seller from dealing with the goods as he pleased. We think that there was a sale of the bottle. *Commonwealth* v. *Brandon Farms Milk Co.* 249 Mass. 531. See *Naumann* v. *Wehle Brewing Co.* 127 Conn. 44; *Cooper* v. *Newman*, 11 N. Y. Sup. (2d) 319. Compare *Poplar* v. *Hochschild, Kohn & Co. Inc.* 180 Md. 389; *Crandall* v. *Stop & Shop, Inc.* 288 Ill. App. 543.

There remains for consideration the question whether the plaintiff complied with the provision for notice in G. L. (Ter. Ed.) c. 106, § 38, "if, after acceptance of the goods, the buyer fails to give notice to the seller of the breach of any promise or warranty within a reasonable time after the buyer knows, or ought to know of such breach, the seller shall not be liable therefor." This requirement of notice is intended as a protection to the seller against a belated claim for damages. *Timmins* v. *F. N. Joslin Co.* 303 Mass. 540. *Bruns* v. *Jordan Marsh Co.* 305 Mass. 437.

There was evidence that three or four days after June 27 a man called on the plaintiff at his place of employment and after identifying himself asked the plaintiff questions and wrote down his replies; that thereafter he asked the plaintiff if he would sign the statement which had been written and the plaintiff signed it; that the plaintiff had the broken bottle in his possession and the man suggested

that he take it with him; and that the plaintiff said, "No, I will keep the bottle." A copy of this signed statement which had been received by the plaintiff from the defendant on demand made under G. L. (Ter. Ed.) c. 233, § 23A, inserted by St. 1945, c. 424, § 1, was admitted in evidence. It contained a full and detailed account of the essential facts of the alleged sale and the subsequent accident. There was no direct evidence that the interviewer came from the defendant. The local manager of the defendant's business in Springfield testified, however, that the statement "Either came to us directly or went to Mr. King (defendant's attorney), not sure"; and that the statement was probably secured in accordance with the defendant's usual procedure, after the receipt of a telephone call that "Mr. Mead" was hurt. This evidence was sufficient to warrant a conclusion that the statement was obtained by a duly authorized investigator employed by the defendant or by its attorney. See *Anderson* v. *Billerica,* 309 Mass. 516; *W. A. Robinson, Inc.* v. *Burke,* 327 Mass. 670. By means of this statement the defendant received notice of all the pertinent facts relating to the sale and the subsequent injury to the plaintiff within a time after the sale which could be found to be reasonable. A notice under the statute may be written or oral. *Guthrie* v. *J. J. Newberry Co.* 297 Mass. 245. It must refer to particular sales, must fairly advise the seller of the alleged defect, and must specify with reasonable particularity of what the breach consists. It need not take the form of an express claim for damages or threat of such and is sufficient if therefrom it is reasonably inferable that the buyer is asserting a violation of his legal rights. *Nashua River Paper Co.* v. *Lindsay,* 249 Mass. 365, 370. *Idzykowski* v. *Jordan Marsh Co.* 279 Mass. 163, 167. *Jamrog* v. *H. L. Handy Co.* 284 Mass. 195, 198. We think that the notice was sufficient although it does not appear that at the time the plaintiff gave his statement he made an express claim for damages. The case is not unlike *Jamrog* v. *H. L. Handy Co., supra,* where the plaintiff identified the sale, stated the nature of the defect, and

furnished information as to his resulting injury. The defendant through its investigator could reasonably infer that the plaintiff was asserting his legal rights based on the facts which he reported. While the plaintiff did not volunteer a complaint as did the plaintiff in the *Jamrog* case, his refusal to deliver the bottle was some evidence that he intended to make a claim. Where facts sufficient to make out liability are disclosed by the injured party to the person responsible, little additional evidence is needed to warrant a finding that a violation of legal rights is asserted.

*Judgment for the plaintiff.*