*Western District*

**MILDRED MENARD, et ali**

v.

**GREAT ATLANTIC & PACIFIC TEA CO.**

*Present:* Riley, P. J., Hobson & Garvey, JJ.

Case tried to ————, *J.*, in the Central District Court of Worcester. No. T-584.

*Garvey, J.* This action of contract, brought by the plaintiffs in the Superior Court for Worcester County, was transferred for trial (G. L. [Ter. Ed.] c. 231, §102C) to the Central District Court of Worcester. Only two of eight counts remain material. The plaintiffs, mother (count 1), and son (count 5), seek to recover compensation for injuries on a breach of an implied warranty of merchantability under G. L. (Ter. Ed.) c. 106, §2-314 (2) (a).

After a trial a finding was made for each plaintiff. The sole issue reported is the correctness of the denial of defendant's request that the evidence did not warrant a finding that the plaintiffs gave the defendant sufficient notice of the breach under G. L. (Ter. Ed.) c. 106, §2-607 (3) (a).

The declaration alleged the sale was made on *August* 26, 1960. In her testimony, the mother described the purchase of a can of tuna fish at one of the defendant's stores and that she and her son were injured on the same day, while eating some of the fish, because of the presence of glass like foreign objects.

On the issue of the notice, the only evidence offered was a letter dated, signed and sent on *September* 8, 1960, by the attorney for the plaintiffs, and received at the defendant's store the following day.

It read: "A & P Store, Park Avenue, Worcester, Massachusetts. Gentlemen: This

is to advise you that this office represents Paul Menard and his mother, Mildred, in a claim for personal injuries caused by your product, Star Kist Tuna Fish. The said product contained a foreign and deleterious substance which caused the said injuries. Because of your Breach of Warranty that the said product was fit for human consumption and that it was of merchantable quality and because of your negligence, our clients sustained serious personal injuries. Kindly contact this office for an amicable adjustment of this matter."

G. L. (Ter. Ed.) c. 106, §2-607 (3) (a) (Uniform Commercial Code effective Oct. 1, 1958) provides that "where a tender has been accepted, the buyer must within a reasonable time after he discovers or should have discovered any breach notify the seller of breach or be barred from any remedy". The form and contents of such a notice have not been determined in any decisions, insofar as we can find, in this or other Uniform Commercial Code jurisdictions.

In construing this section we are guided by the principles of law enunciated by the court in interpreting a similar provision of the Sales Act, forerunner to the Uniform Commercial Code, the pertinent part of which (G. L. Ter. Ed. c. 106, §38) reads: ". . . if, after acceptance of the goods, the buyer fails to give notice to the seller of the breach of any promise or warranty within a reasonable time after the buyer knows, or ought to know,

of such breach the seller shall not be liable therefore."

The giving of proper notice by the mother, within a reasonable time of the breach, she being the buyer, was a condition precedent to establishing the defendant's liability in her case. *Bruns v. Jordan Marsh Co.,* 305 Mass. 437, 444. Such a notice is intended for the protection of the seller against belated claims for damages. *Idzykowski v. Jordan Marsh Co.,* 279 Mass. 163, 167. Where, as here, there is no dispute on the facts concerning the contents of the notice, its sufficiency presents a question of law. *Idzykowski v. Jordan Marsh Co.,* 279 Mass. 163, 168. No particular form or method of giving notice is prescribed. It may be oral or written. *Mead v. Coca Cola Bottling Co.,* 329 Mass. 440, 444; *Guthrie v. J. J. Newberry Co.,* 297 Mass. 245, 247.

On similar facts the court, in *Howard v. Lowell Coca-Cola Bottling Co.,* 322 Mass. 456, 460 holding a notice insufficient, said:

"Neither the statute nor the decisions of this court formulate any precise standard defining the kind of notice required to be given in order to hold the seller liable for any breach of warranty, but it is settled that in order to hold the seller liable 'it must refer to particular sales, so far as that is practicable; that it must at least fairly advise the seller of the alleged defects, and that it must be such as to repel the infer-

ence of waiver,' and such that 'it ought to be reasonably inferable there-from that the buyer is asserting a violation of his legal rights.' *Nashua River Paper Co. v. Lindsay,* 249 Mass. 365, 369-370. In the instant case the notice did not make it apparent to the defendant that the plaintiff claimed a violation by it of her legal rights which amounted to a breach of warranty. No reference was made in the notice to any sale by the defendant to the plaintiff of the bottle in question nor does it indicate that the claim arose out of a sale. No statement is contained in the notice as to the place of the alleged explosion of the bottle, nor of the nature of any alleged defect in the bottle."

The notice in the present case does not assert, and it cannot be inferred, a sale of the tuna fish was made by the defendant. The date, or approximate date, of purchase is not given, and the material evidence reported does not disclose a reason, or set forth circumstances, that made it impracticable or unnecessary to give the date. *McCabe v. Liggett Drug Co. Inc.,* 330 Mass. 177, 181-182; *Lieberman v. W. M. Gulliksen Mfg. Co.,* 332 Mass. 439, 443; *Bruns v. Jordan Marsh Co.,* 305 Mass. 437, 445; *Morin v. Stromberg,* 309 Mass. 146. It does not "indicate that the claim arose out of the sale". Reference in the notice to "your product" and "negligence" is confusing, making it uncertain whether the plaintiff sought to hold

the defendant liable as a manufacturer or seller.

As was said in *Whittemore v. Pepsi-Cola Bottling Co.,* 325 Mass. 758, 759: "The notice here is not essentially different from that held to be insufficient in the recent case of *Howard v. Lowell Coca-Cola Bottling Co.,* 322 Mass. 456, 460-461" applies to the facts in the mother's case. It was error to deny the request as to count 1.

Third parties are now made the beneficiaries of warranties, so there remains for consideration the question of what, if any, notice was required by the son, who it appears from the report, is a minor. (G. L. (Ter. Ed.) c. 106, §2-318 provides: "A seller's warranty whether express or implied extends to any natural person who is in the family or household of his buyer or who is a guest in is home if it is reasonable to expect that such person may, use consume or be affected by the goods and who is injured in person by breach of warranty. A seller may not exclude or limit the operation of this section".

No case law on the question of the type of notice, if any, required of third party beneficiaries has developed as of now. We do not think it was intended to make the rights of this large group, to whom the warranty has been extended, dependent upon notice being given by the buyer. Experience tells us that there will be instances in which an alleged breach of warranty will cause injury only to third parties.

Neither do we feel that one in this group

is required to personally notify the seller of the alleged breach. It might be difficult, if not impossible, in some circumstances, for a third party to give a notice concerning the details of a sale. To hold otherwise would require our reading into §2-607, (3) (a) that notice, now required only of the buyer, be given *by anyone claiming an extended warranty, under* §2-318 (emphasis supplied). The provisions of this code received the attention in its drafting of eminent legal authorities, and if it was so intended it could have been readily stated. We cannot read it into the statute. The son's minority is immaterial. That the result reached here seems to be incongruous is the concern of the legislature. There was no error in denying the request as to Count 5.

*Finding for plaintiff on count one is vacated and finding entered for defendant. Finding for plaintiff on count five to stand.*

James L. Clifford of Worcester, for the Plaintiffs.
John H. Goewey of Boston, for the Defendant.