

*Western District*
No. 141964 (Remand)
**ANNA BRESNAHAN McKONE**
v.
**RALPH'S WONDER MARKET, INC.**
Argued: Sept. 25, 1963—Decided: Dec. 3, 1963

*Present*: Hobson, J. (Presiding), Moore &
Allen, JJ.

Case tried to *Garvey, J.* in the Central District Court of Worcester. 1963-T-122.

*Moore, J.* this case is an action of tort or contract brought for injuries received from the *explosion of a glass bottle or jug filled with milk* bought from the defendant corporation which operated self service super market. The action was originally entered in the Superior Court for Worcester County and from there transferred to the Central District Court for trial under the provision of G. L. 231 §102 c.

In the original action the bottlers of the milk were joined as defendants along with the market but the trial court found for the defendant bottlers, Laipson & Co. However, the trial judge found for the plaintiff against the defendant market on Count 4 of the declaration which alleged a *breach of an implied warranty of merchantability.* On Count 3 of the declaration which alleged a breach of an implied warranty of fitness the trial judge found for the defendant market. On Count 5 alleging negligence the trial judge found for the defendant market. The defendant claimed to be aggrieved by the trial judge's rulings on two of its requests which were as follows:

"2. Assuming a finding of ownership and control, the evidence is insufficient to warrant a finding of breach of warranty of fitness against the defendant as alleged in Count #3.

3. Assuming a finding of ownership and control,

the evidence is insufficient to warrant a finding of breach of warranty of merchantability against the defendant as alleged in Count #4."

As to requests No. 2 and No. 3 above set forth, the trial court ruled as follows:

"No. 2.  Denied as immaterial. See finding on Count 3.

No. 3.  Denied. See findings."

We do not see how the defendant can be aggrieved by the denial of its requests numbered 2, as the trial judge found for the defendant on Count 3, which was the count alleging breach of the implied warranty of fitness.

Therefore it would seem that the question before us is whether there was any error in the denial of the defendant's request numbered 3.

The trial judge made special findings as follows:

"1.  On or about the 18th day of July, 1961, the plaintiff, went into the defendant's super market and selected several articles and two one-gallon jugs of milk, all of which she placed in a shopping carriage furnished by the defendant.

2.  At the check-out counter she placed these articles on the cashier's counter, who registered the purchases. She paid for them. They were returned to the carriage by a "bundle boy" at this counter. She then wheeled the carriage to the front of her car.

3.  With her right hand she lifted by means of

a plastic handle, the bottom part of which was wrapped around the neck of the jug, the first of the jugs from the carriage to about the height of her chest. The bottle then exploded. A piece of the flying glass struck her on the right forehead causing a severe laceration that required 25 sutures to close. It has left a permanent scar. There was no testimony as to the cause of the explosion.

4. While the circumstances of the explosion are unusual, I find they happened in the manner testified to by the plaintiff and as found by me in paragraph numbered 3. There was no mishandling of this jug by her or anyone else to the time of the explosion. She gave due notice, required by statute, to the defendant of a claim by her for damages for injuries resulting from an alleged breach of warranty."

The report states there was no evidence of any defect in the bottle or jug or that the milk in the jug or bottle was sour or fermented. It also states that there was evidence that the bottle was filled by gravity feed and not filled under pressure.

The trial judge in his finding that the plaintiff is entitled to recover on the Count 4, alleging an implied warranty of merchantability, contrary to the usual practice in findings, refers to a decision apparently in support of his particular finding.

The question we have to resolve is whether under the facts in this instant case, the de-

cision in *Hadley v. Hillcrest Dairy, Inc.* 341 Mass. 624 is controlling.

In the case before us the injury occurred on July 18, 1961 whereas the injury in the *Hadley* case above occurred on October 12, 1957 which was prior to the effective date of the Uniform Commercial Code, G. L. c. 106 which became effective October 1, 1958. The pertinent provision of the Uniform Commercial Code, G. L. c. 106, §2-314 as to implied warranty of merchantability states:

"(1) . . . . . a warranty that the goods shall be merchantable is implied in a contract for their *sale* (emphasis supplied) if the seller is a merchant with respcet to goods of that kind . . . . .;

(2) Goods to be merchantable must at least be such as

(a) pass without objection in trade under the contract description; and

(b) in case of fungible goods, are of fair average quality within the description; and

(c) are fit for the ordinary purpose for which such goods are used; . . . . . ." :

The above section required a sale of the article involved and in the case before us there is no evidence of a sale of the bottle or jug as there was in *Mead v. Coca Cola Bottling Co.,* 329 Mass. 440. In the case of *Hadley v. Hillcrest Dairy, Inc.,* 341 Mass. 624 it was held that there need not be a sale as long as the bottle was "supplied under the contract of sale". The court in reaching its decision in the *Hadley* case lays great stress

on the fact that the bottle or jug was *supplied* (emphasis supplied) under the contract of sale relying on the principle as expressed in *Geddling v. Marsh,* (1920) 1 K. B668. In the case before us there is no question raised as to any breach of an implied warranty of fitness as the trial judge found for the defendant on Count 3 alleging such breach We therefore feel that the reasoning in the *Hadley* case would not apply in the present case before us in which the injury occurred subsequent to the effective date of the Uniform Commercial Code in view of the wording of the section, G. L. c. 106, §2-315 in reference to an implied warrant of merchantability.

However, regardless of the question of whether there was or was not a sale of the bottle or jug there arises the question whether or not the trial judge was correct in denying the defendant's request No. 3 which in substance was tantamount to stating that under the evidence in this case that the so-called rule or doctrine of "res ipsa loquitur" was applicable in determining whether there was a breach of warranty of merchantability.

It was stated in the case of *Evangelio v. Met. Bottling Co., Inc.,* 339 Mass. 177, 180 involving a carbonated beverage that "in essence, this doctrine, however denominated merely permits the tribunal of fact, if it sees fit, to draw from the occurrence itself of an unusual even the conclusion that it would not have happened unless the defendant had been

negligent." Later in this same case it is stated "she (the plaintiff) is not required to exclude every possible cause for her injuries other than negligence; she is only required to show a greater likelihood that her injury was caused by the defendant's negligence than by some other cause." We do not believe that this doctrine of "res ipsa loquitur" can be invoked to help the plaintiff in this case. If it can be so invoked then it is the same as saying that the trial judge can draw an inference that her injury resulting from the explosion of a bottle filled with milk was more likely caused by the defendant's breach of an implied warranty of merchantability than by some other cause.

We do not feel that the doctrine of "res ipsa loquitur" can be carried over from the realm of negligence sounding in tort to breaches of implied warranties sounding in contract. See *Trust v. Arden Farms,* 50 Cal. (2nd) 217, 223, 81 A.L.R. (2nd) 332 (1958).

To hold the defendant liable under the facts in this case in which no sale of the bottle nor any defect was shown is tantamount to placing the owner of a self service market, selling milk in a glass bottle or jug to a customer, in a position of being an insurer to that customer against the exploding of the bottle and any injuries resulting therefrom. Milk in a glass bottle is not such a dangerous substance or instrumentability that any public policy requires such a doctrine.

As stated in *Poulos v. Coca Cola Bottling*

*Co.,* 322 Mass. 386, 391 whether there had been a breach of the implied warranty of merchantable quality was a question of fact interpreted in the light of correct principles of law.

The trial judge was the finder of fact but we must be satisfied that, in arriving at that fact he was guided by correct principles of law. *Adamaitis v. Met. L. Ins. Co.,* 295 Mass. 215, 219.

We are of the opinion that the denial of the defendant's request No. 3 constituted prejudicial error and that the finding for the plaintiff should be vacated and a finding for the defendant entered.

Justice Walter D. Allen does not concur in this opinion.

### DISSENTING OPINION OF ALLEN, J.

The pleadings and the proceedings at the trial and the findings of the trial judge are set forth in the majority opinion.

The sole issue here involved is raised by the denial of the defendant's request #3, which was as follows: "That assuming a finding of ownership and control, the evidence is insufficient to warrant a finding of breach of warranty of merchantability against the defendant."

The accident occurred on July 18, 1961, and therefore the law governing recovery is the "Uniform Commercial Code," Art. 2 (G. L. [Ter. Ed.] c. 106). The provision covering warranty of merchantability is §2-

314: IMPLIED WARRANTY: Merchantability; Usage of Trade.

1. Unless excluded or modified by §2-316, a warranty that the goods shall be merchantable is implied in a contract for their sale if the seller is a merchant with respect to goods of that kind. Under this section the serving for value of food or drink to be consumed either on the premises or elsewhere is a sale.

2. Goods to be merchantable must at least be such as

   a) pass without objection in the trade under the contract description; and

   b) in the case of fungible goods, are of fair average quality within the description; and

   c) are fit for the ordinary purposes for which such goods are used; and

   d) run, within the variations permitted by the agreement, of even kind, quality and quantity within each unit and among all units involved; and

   e) are adequately contained, packaged, and labeled as the agreement may require; and

   f) conform to the promises or affirmations of fact made on the container or label if any.

In this case the trial judge found as a fact the jug exploded without fault of the plaintiff and that constituted a breach of warranty of merchantability, under the statute. The pur-

pose of the law is to place the responsibility of providing merchantable goods upon the seller and not upon the buyer who is more limited in ability to investigate and determine the condition of such goods. The merchant must sell to the public proper goods and properly contained. G. L. (Ter. Ed.) c. 106, §2-314 (2) (e), see *McCabe v. Liggett Drug Co., Inc.,* 330 Mass. 177.

In a super market the goods are displayed for the customer to select and the warranty applies to such goods. The same reasoning applies as to selecting from a vending machine. *Mead v. Coca Cola Bottling Co.,* 329 Mass. 440.

The trial judge found there was a sale. Furthermore, no suggestion is made in any request that there was not a purchase and sale of the jug, nor did the defendant argue this point before this court.

This case is controlled by the decision in *Hadley v. Hillcrest Dairy, Inc.,* 341 Mass. 624.

For the above reasons I am of the opinion the finding of the trial judge should be affirmed and the report dismissed.

Matthew McCann, of Worcester, for the Defendant.

Theodore C. Garabedian, of Worcester, for the Plaintiff.