*Western District*
#66 T 113

**DOROTHY DODGE**

v.

**GERD SCHNEIDER d/b/a
LONGMEADOW COMMUNITY MARKET**

Argued: Jan. 16, 1967.   Decided: Jan. 31, 1967

*Present:* Garvey, P.J., Levine, J. and Allen, J.

Case tried to *J. Arthur Barnes, Jr., J.* in the District Court of Springfield  #66 T 113

*Garvey, P.J.* This contract action for breach of warranty of fitness for use was transferred to the District Court of Springfield for trial by order of a justice of the Superior Court. G.L. c. 231, § 102C. There was a finding for the plaintiff.

The sole issue presented in the defendant's claim of error is to the denial of his request for a ruling reading:

"The evidence does not warrant a finding that the plaintiff gave proper notice of any breach of warranty in connection with the goods described in the plaintiff's declaration".

The reported evidence shows that the plaintiff purchased a can of soup from the defendant on January 18, 1963, and on January 21 suffered irritation to her throat and stomach upon swallowing a lump of curry powder contained in the soup. In reference to notice the report states:

"The plaintiff testified that two days after eating the curry powder, she told the assistant manager of the defendant's market that she had eaten a lump of curry powder contained in a can of tomato rice soup purchased at the defendant's market and was made ill. The plaintiff also

testified that she had a conversation with the defendant two weeks later. She told him that she had written a letter to Campbell Soup Company, and also told him what had happened. She also testified that she continued to do her regular shopping at the defendant's store."

G.L. c. (Ter. Ed.) c. 106, § 2-607 (3) (a) provides that "where a tender has been accepted, the buyer must within a reasonable time after he discovers or should have discovered any breach notify the seller of breach or be barred from any remedy". The form and contents of such a notice have not been determined in any decisions, insofar as we can find, in this or other Uniform Commercial Code jurisdictions. *Menard* v. *Great Atlantic & Pacific Tea Company,* 22 Mass. App. Dec. 170.

In construing this section we are guided by the principles of law enunciated by the court in interpreting a similar provision of the Sales Act, forerunner to the Uniform Commercial Code, the pertinent part of which (G.L. [Ter. Ed.] c. 106, §38) reads:

". . . .if, after acceptance of the goods, the buyer fails to give notice to the seller of the breach of any promise or warranty within a reasonable time after the buyer knows, or ought to know, of such breach the seller shall not be liable therefor".

The giving of proper notice within a reasonable time of the breach, is a condition pre-

cedent to establishing the defendant's liability. *Bruns* v. *Jordan Marsh Co.*, 305 Mass. 437, 444. Such a notice is intended for the protection of the seller against belated claims for damages. *Idzykowski* v. *Jordan Marsh Co.*, 279 Mass. 163, 167. Where, as here, there is no dispute on the facts concerning the contents of the notice, its sufficiency presents a question of law. *Idzykowski* v. *Jordan Marsh Co.*, 279 Mass. 163, 168.

No particular form or method of giving notice is required. It may be oral or written. *Mead* v. *Coca Cola Bottling Co.*, 329 Mass. 440, 444. *Guthrie* v. *J. J. Newberry Co.*, 297 Mass. 245, 247.

The court, in *Howard* v. *Lowell Coca Cola Bottling Co.*, 322 Mass. 456, 460 holding a notice given under the Sales Act insufficient said:

> "Neither the statute nor the decisions of the court formulate any precise standard defining the kind of notice required to be given .... but it is settled .... it must refer to particular sales, so far as that is practicable; that it must at least fairly advise the seller of the alleged defects, and that it must be such as to repel the inference of waiver, and such that it ought to be reasonably inferable therefrom that the buyer is asserting a violation of his legal rights."

The notices in the case under consideration

are deficient, in our opinion, in two respects. They do not refer to a particular sale or assert any violation by the defendant of her legal rights. Writing to the Campbell Soup Company and continuing to trade with the defendant seems to us to negate any assertion of a claim for damages against this defendant. *Cf. Mead* v. *Coca Cola Bottling Co.*, 329 Mass. 440. *Guthrie* v. *J. J. Newberry Co.*, 297 Mass. 245, 249. It was prejudicial error to deny the defendant's request.

The finding for the plaintiff is to be vacated and judgment for the defendant entered.

EDWARD V. LEJA
  of Springfield for the Plaintiff
STEPHEN A. MOORE
  of Boston for the Defendant