*Western District*

## PATRICK R. BARRY

### v.

## STOP AND SHOP, INC.

Argued: May 16, 1967    Decided: August 7, 1967

*Present:* Garvey, P.J., Moore, J. Levine, J.

Case tried to *Sloan, J.,* in the District Court of Springfield #187846

*Garvey, P.J.* In this food product action for breach of warranty of fitness for use there was a finding for the plaintiff. The defendant requested a report claiming it was error to deny its request that the evidence did not warrant a finding that a proper notice of the alleged breach was given the seller by the buyer. The notice, otherwise admitted to be sufficient, failed to state the date of the purchase although known to the buyer.

The report states: "At the trial, there was evidence tending to show that the plaintiff purchased the soup in question on January 19, 1966 from the defendant, and on that day suffered injury to his throat upon swallowing a piece of metal contained in the soup."

Introduced in evidence was the following letter sent to the defendant by counsel for the plaintiff:

"January 27, 1966

Stop & Shop, Inc.
1530 Boston Road
Springfield, Mass.
Gentlemen:
This office represents Patrick R. Barry of 124 Wilbraham Road, Hampden, who, on January 19, 1966, suffered severe and pain-

ful injuries as a result of swallowing a foreign object, namely a sharp piece of metal, contained in a can of 'Stop & Shop' brand condensed tomato soup, which was purchased at your store.

My client seeks compensation from you for his injuries.

Will you kindly have your representatives contact my office as soon as possible relative to this matter.

> Very truly yours,
> Louis H. Cohen
> Attorney and Agent for
> and acting on behalf of
> Patrick R. Barry''

*Lieberman* v. *W. M. Gulliksen Mfg. Co.* 332 Mass. 439, 442-443, held *inter alia,* that the notice of breach of warranty given under the Sales Act, G.L. c. § 38, ''Where practicable . . . should refer to the particular sales . . .''

C. 106 § 2-607, (3) of the Uniform Commercial Code, which became effective October 1, 1958, provides ''Where a tender has been accepted (a) the buyer must within a reasonable time after he discovers or should have discovered any breach, notify the seller of breach or be barred from any remedy''.

In *Nugent* v. *Popular Markets, Inc.,* 353 Mass. ——, reversing a decision of this Division,[2] the

---

[2] Reported in 16 Legalite 404. The Nugent decision also seems to reverse our holdings in *Dodge* v. *Schneider,* 18 Legalite 147, and *Menard* v. *Great At-*

court, in an opinion by C. J. Wilkins, held that notice of breach required by the Code is "less rigorous than that required by the Sales Act at least so far as applied to a household purchaser rather than a 'merchant buyer' ".

As to the failure of the buyer to state the date of the purchase in a notice almost identical to the one in issue, the court said: "It was, of course, possible to give the exact date of the purchase, but we are not disposed for this reason alone to act contrary to the comment to the Code, and to deprive a good faith retail consumer of his remedy by relying on the rule requiring notification, which is designed to defeat commercial bad faith".

Further, the court held, that once a seller has been "alerted" to a claim of breach, he cannot remain inactive. "There would have been nothing to prevent the seller from seeking further information as to the date of the transaction and any other circumstances it wished to know."

There was no error. **The report is to be dismissed.**

Louis H. Cohen
    of Springfield for the plaintiff
Stephen A. Moore
    of Boston for the defendant

*lantic & Pacific Tea Co.*, 22 Mass. App. Dec. 170. For an interpretation of "reasonable time" see *Primak v. Star Market Company*, 18 Legalite 71.